## Case No. 14,983.

### UNITED STATES v. DONAU et al.

[11 Blatchf. 168;[1] 17 Int. Rev. Rec. 181.]

Circuit Court, S. D. New York. June 2, 1873.

CONSPIRACY — INDICTMENT — UNLAWFUL COMBINATION — ACT TO EFFECT OBJECT.

An indictment for a violation of the 30th section of the act of March 2d, 1867 (14 Stat. 484), which provides, "that, if two or more persons conspire either to commit any offence against the laws of the United States, or to defraud the United States in any manner whatever, and cne or more of said parties to said conspiracy shall do any act to effect the object thereof, the parties to said conspiracy shall be deemed guilty of a misdemeanor," is sufficient, if it correctly charges an unlawful combination as actually made, and, in addition, describes any act by any one of the parties to the unlawful agreement, as an act intended to be relied upon to show the agreement in operation, although it does not appear, by the face of the indictment, in what manner the act described would tend to effect the object of the conspiracy.

[Cited in U. S. v. Graff, Case No. 15,244; U. S. v. Sanche, 7 Fed. 719.]

This was a motion to quash an indictment [against Simon Donau and Christopher Flood] found for a violation of the 30th section of the act of March 2d, 1867 (14 Stat. 484), which provides, "that, if two or more persons conspire either to commit any offence against the laws of the United States, or to defraud the United States in any manner whatever, and one or more of said parties to said conspiracy shall do any act to effect the object thereof. the parties to said conspiracy shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be liable to a penalty of not less than one thousand dollars, and not more than ten thousand dollars, and to imprisonment not exceeding two years."

Ambrose H. Purdy, Asst. Dist. Atty., for the United States.

Thomas Harland, for defendants.

BENEDICT, District Judge, in denying the motion, said, in substance:

The 30th section of the act of March 2d, 1867, creates an offence which may be committed without any other action on the part of the accused, than that of conspiring with another to commit an offence against the laws of the United States, or to defraud the United States. The unlawful agreement is, therefore, the gist of the offence which this section intended to create. The requirement that some act to effect the object of the conspiracy be done by some one of the conspirators, is intended to afford a locus poenitentiæ. Until some act be done by some one of the conspirators to effect the object of the unlawful agreement, all parties to the agreement may withdraw, and thus escape the effect of the statute. After such an act all are liable to the penalty.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

The act to effect the object of the conspiracy, which the statute calls for, is not designated as an overt act, and was not intended to be made an element proper of the offence. The offence is the conspiracy. Some act by some one of the conspirators is required, to show not the unlawful agreement, but that the unlawful agreement, while subsisting, became operative. The offence of conspiracy is committed when, to the intention to conspire, is added the actual agreement; and this intent to conspire, coupled with the act of conspiring, completes the offence intended to be created by the statute, notwithstanding the requirement that the prosecution show, by some act of some one of the conspirators, that the agreement went into actual operation.

If, then, an indictment correctly charges an unlawful combination and agreement as actually made, and, in addition, describes any act by any one of the parties to the unlawful agreement, as an act intended to be relied on to show the agreement in operation, it is sufficient, although, upon the face of the indictment, it does not appear in what manner the act described would tend to effect the object of the conspiracy. It is sufficient, if the act be so described as to apprise the defendant what act is intended to be given in evidence as tending to show that the unlawful agreement was put in operation, without its being made to appear to the court, upon the face of the indictment, that the act mentioned is necessarily calculated to effect the object of the unlawful combination charged. It is not the case of an attempt to commit crime. The crime is committed when the combination is made, and the act of one of the conspirators is not required by the statute to show the intent. That is inferred from the unlawful act of combining to defraud, or to commit an offence, but the object of requiring proof of some act in furtherance of the unlawful agreement is, to show that the unlawful combination became a living, active combination.