## GANTT et al. v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit.   April 2, 1901.)

### No. 918.

INDICTMENT—CONSPIRACY TO DEFRAUD UNITED STATES—DESCRIPTION OF OF-
FENSE.

An indictment under Rev. St. § 5440, charging a conspiracy to defraud
the United States by depriving it of the title to certain lands by means
of a fraudulent entry under the homestead laws, which avers that the
entry was made, and that by means of it the accused obtained possession
of the land, and cut the timber thereon, is sufficient, and need not allege
that the land was subject to homestead entry. The conspiracy consti-
tutes the offense, and it need not be shown how the overt act tended to
effect its purpose, or that it was successful.

In Error to the Circuit Court of the United States for the Southern
District of Alabama.

The plaintiffs in error, Isaac F. Gantt and Stephen Shine, together with
George Nolen, were indicted in the court below under section 5440 of the
Revised Statutes. The indictment is as follows:

"The grand jurors of the United States chosen, selected, and sworn in and
for the Southern district of Alabama, in the name and by the authority of the
United States of America, upon their oaths do find and present that Isaac F.
Gantt, Stephen Shine, and George Nolen, whose names, other than as herein
stated, are unknown to the grand jury, late of the district aforesaid, hereto-
fore, to wit, on the 27th day of November, in the year of our Lord 1899, and
before the finding of this indictment, and within the said Southern district of
Alabama, and within the jurisdiction of this court, did then and there con-
spire, combine, confederate, and agree together to defraud the United States
out of its title to the following lands of the said United States, to wit, the
south half of the northwest quarter and the northeast quarter of the south-
west quarter of section three, and the southeast quarter of the northeast
quarter of section four, township three north, range four east, of Saint Ste-
phen's meridian, Alabama, and out of the timber standing and being on the said
lands. The scheme and artifice to defraud as aforesaid was to be carried out
by one or more of the defendants entering the said described lands under the
homestead laws of the United States by making a false affidavit in applying
to enter said described lands, and another of said defendants locating thereon
a sawmill to manufacture timber and lumber from trees cut upon the said
homestead entry, and by all three of said defendants making the affidavits re-
quired by law before an officer duly qualified to take and receive final proof
for the said entry, and which said affidavits were to be false and untrue, and
by means of which the said defendants were to acquire the possession of and
title to the said lands in fraud of the United States. For the purpose of exe-
cuting the said conspiracy to defraud the said United States as aforesaid, the
said Stephen Shine, on or about October 22, 1897, appeared before T. J. Em-
mons, clerk of the circuit court of Monroe county, Alabama, an officer duly
qualified to administer the oath in that behalf, and made the oath required
by law for the homestead entry of the said described lands, which said oath
was false and untrue. And still further to effect the object of the said con-
spiracy to defraud the United States, as aforesaid, the said Isaac F. Gantt,
on or about the 20th day of October, 1897, located upon the said described
lands a sawmill, and erected thereon a dwelling house and a storehouse,
which he has continuously occupied, controlled, and operated since the said
location of the said mill and the erection of said dwelling and storehouse.
And still further to effect the object of said conspiracy, the said Isaac F.
Gantt, on January 3, 1899, caused to be published in the Monroe Journal, a
newspaper published at Monroeville, Monroe county, Alabama, a notice of the
intention of the said Stephen Shine to make final proof for his said home-
stead entry, and named among the witnesses to be examined in said final

proof proceedings himself, the said Isaac F. Gantt, and his co-defendant, George Nolen. And still further to effect the object of the said conspiracy to defraud the said United States as aforesaid, the said Isaac F. Gantt, Stephen Shine, and George Nolen, on or about the 2d day of March, 1899, before T. J. Emmons, clerk of the circuit court of Monroe county, Alabama, an officer then and there duly qualified to take and receive affidavits in final proof proceedings for homestead entries, made, respectively, the affidavits required by law in said homestead proceedings, which said affidavits were in material and essential particulars false and untrue. And still further to effect the object of the said conspiracy to defraud the said United States as aforesaid, the said Isaac F. Gantt has, since the 1st day of November, 1897, cut and removed to his said mill all of the merchantable timber upon the said described lands, and manufactured the same at the said mill for his own benefit. The said scheme to defraud the said United States, as aforesaid, was effected by the entry of the said lands under the homestead laws of the United States by the said Stephen Shine, not for the purpose of actual settlement and cultivation, or to obtain a home for himself, but the said entry, as aforesaid, was made for the actual benefit of the said Isaac F. Gantt and others unknown to the grand jury, and in order that the title and possession acquired from the government of the United States by the said Stephen Shine might inure, in whole or in part, to the benefit of the said Isaac F. Gantt and other persons unknown to this grand jury. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The defendants pleaded not guilty. On the trial Stephen Shine and Isaac F. Gantt were found guilty as indicted, and George Nolen was acquitted. The convicted defendants then moved in arrest of judgment, and to set aside the verdict of the jury, and quash the indictment for alleged defects in the indictment. The defects claimed in the indictment are summarized in the argument of counsel filed in this court as follows: (1) It fails to aver that the lands specified were subject to homestead entry; (2) it fails to set forth sufficiently the overt act relied on.

R. H. Clarke, for plaintiffs in error.

M. D. Wickersham, U. S. Atty.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Section 5440 of the Revised Statutes is as follows:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years."

It is a criminal offense under this statute for two or more persons to conspire to defraud the United States in any manner or for any purpose, where any one or more of such parties does any act to effect the object of the conspiracy. The offense is the conspiracy. It is not the act which is done to effect the object of the conspiracy. The provision of the statute that an act must be done to effect the object of the conspiracy affords a locus penitentiæ, so that, before said act is done, either one or all of the parties may abandon their design, and avoid the penalty of the statute. U. S. v. Britton, 108 U. S. 193, 2 Sup. Ct. 526, 27 L. Ed. 701. The charge in the indictment is that the defendants conspired to defraud the United States out of its title to certain lands. Such conspiracy, it has been held, is covered by the

statute. Dealy v. U. S., 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. It is true that it is not stated in the indictment that the lands were subject to homestead entry, but it is averred that the scheme to defraud the United States was effected by the entry of the lands under the homestead laws of the United States. It appears from the indictment that the alleged conspirators obtained possession of the lands, and cut and removed from them timber growing thereon. If it be conceded that it is not sufficiently averred that the lands were subject to homestead entry, it is not material, for a conspiracy to defraud the United States out of the title to the lands, which, by acts of the defendants, resulted in the conspirators obtaining possession of them and of the timber growing on them, is an offense against the laws of the United States. It is not essential, however, that the indictment should show the success of the conspiracy. Nor need it show in what manner the overt act will tend to accomplish the object of the conspirators. If an unlawful combination to defraud the United States is alleged, together with an act by one of the parties to show the agreement in operation, this is sufficient without showing how the act would tend to effect the object, or that it was effected. U. S. v. Benson, 17 C. C. A. 293, 70 Fed. 591; U. S. v. Dennee, 3 Woods, 47, Fed. Cas. No. 14,948; U. S. v. Donau, 11 Blatchf. 168, Fed. Cas. No. 14,983. The indictment shows the conspiracy and several overt acts. The motion in arrest of judgment, we think, was properly overruled. The judgment of the circuit court is affirmed.