COLLIER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 6, 1918.)

No. 3171.

1. CONSPIRACY &27—OFFENSE AGAINST UNITED STATES—CRIMINAL RESPONSIBILITY—OVERT ACT.

It is enough that "any act" of one of the conspirators "to effect the object of the conspiracy," by Criminal Code, § 37 (Comp. St. 1916, § 10201), made an element of the offense of conspiracy against the United States, be done with the purpose of putting the unlawful agreement into effect, though it have no tendency to accomplish its object.

2. WITNESSES &236(4)—NOTICE OF PURPOSE OF QUESTION.

Where affirmative answer to question to codefendant, who had admittedly pleaded guilty and testified for prosecution under promise of leniency, would not necessarily imply more than that before pleading guilty he had made suggestions to codefendants and their counsel as to selection of jury, sustaining objection to question, in absence of notice of expectation of eliciting admission of his co-operation with the prosecution in selecting jury, was not error.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Tom Collier was convicted of conspiracy to rob the mail, and brings error. Affirmed.

Erle Pettus, of Birmingham, Ala., for plaintiff in error.

Robert N. Bell, U. S. Atty., and Ralph W. Quinn, Asst. U. S. Atty., both of Birmingham, Ala.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

WALKER, Circuit Judge. [1] The plaintiff in error was convicted on the second and third counts of an indictment charging that he and four other named persons conspired to rob, steal, and purloin mail matter in a railway postal car used by the post office establishment of the United States for the conveyance of mail matter and attached to a designated train, and that they committed acts for the purpose of effecting the object of the alleged conspiracy; the overt act alleged in the second count being the cutting of a number of telegraph wires at or near the place at which it was conspired to commit the robbery, and the overt act alleged in the third count being the boarding by the defendants of an automobile and going in it to or near the place at which the offense was to be committed. A demurrer to the indictment raised the objection that it failed to show that the overt acts alleged were calculated to effect, or aid in effecting, the object of the conspiracy. The action of the court in overruling that demurrer is assigned as error, as is also the giving of the following part of its charge to the jury, which was excepted to:

"The overt act might be one not really calculated to effect the object of a conspiracy; but if the party who does it believes it to be calculated to effect the object of the conspiracy, and does it for that purpose, while in fact it may not have that effect, yet it becomes an overt act, and fixes the guilt of all the conspirators."

The statute makes the doing by one or more of the alleged conspirators of "any act to effect the object of the conspiracy" an element of the offense of conspiring to commit an offense against the United States. Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1916, § 10201). It is settled that the gist of the offense is the conspiracy, and that the provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus pœnitentiæ, so that before the act done one or all of the parties may abandon their design, and thus avoid the penalty prescribed by the statute. Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. To complete the crime denounced by the statute there must be some action in addition to the mental one of jointly agreeing or assenting to participate in the commission of the crime. Nothing in the language of the statute indicates an intention to require that that additional action be calculated or have a tendency to accomplish the object of the conspiracy. It is enough if it is done with the purpose or intention of putting the unlawful agreement into operation, whether it is or is not effective towards that end. Gantt v. United States, 108 Fed. 61, 47 C. C. A. 210; United States v. Donau, Fed. Cas. No. 14,983. There was no error in the above-mentioned rulings.

[2] It appears from the bill of exceptions that before any evidence was introduced by the government a nolle prosequi of the case against one of the defendants, Oscar Linn, was entered, and that another defendant, Jim Raper, pleaded guilty to the charge contained in the indictment. The latter was examined as a witness for the prosecution. In the course of his cross-examination the defendants propounded the following question:

"Isn't it a fact that you made certain suggestions about striking off certain people on the jury, and keeping others on the jury?"

An exception was reserved to the action of the court in sustaining the government's objection to this question. The relation of the witness to the case had been fully disclosed to the jury. He had already admitted that, before pleading guilty and testifying, he was advised by his attorneys that they had an agreement or assurance from the government authorities that, in the event he pleaded guilty and went on the stand for the government, he would get a light sentence. It is plain that, if the witness had been permitted to answer the question, no answer he might have made could have done more than furnish cumulative evidence of the witness' co-operation with the prosecution, a fact already apparent. But the question was not so framed as to apprise the court that it was expected to elicit an admission by the witness that he made any suggestion to the prosecution in regard to the selection of the jury. An affirmative answer to the question would not necessarily have implied anything more than an admission by the witness that, before pleading guilty and testifying, he had made suggestions to his codefendants or their counsel in regard to the selection of the jury. The court is not chargeable with error in sustaining the objection to the question, in the absence of notice to it that an admission by the witness of his co-

operation with the prosecution in selecting the jury was expected to be elicited.

Other rulings relied on for a reversal are not such as call for discussion. We have discovered no reversible error in the record.

The judgment is affirmed.