### CLARK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1920.)

No. 5249.

1. **Conspiracy ⊙⇒43 (5)—Indictment need not show how overt act would tend to. consummate conspiracy.**

   The overt act alleged in an indictment for conspiracy need not be a crime, but of itself may be innocent, and it is not necessary to allege the exact manner in which it would tend to consummate the conspiracy.

2. **Conspiracy ⊙⇒47—To effect exemption from draft shown by evidence.**

   Evidence *held* sufficient to sustain a conviction for conspiracy to effect the exemption of a draftee from military service by bribing of members of the local board and to establish an overt act by the drawing of money from the bank by another conspirator and its payment to and receipt by defendant for use to effect the object of the conspiracy.

3. **Criminal law ⊙⇒423 (3)—Admission of conspirator held admissible.**

   In a prosecution for conspiracy to bribe draft officials to secure exemption from military service, a. conversation with a bank cashier relative to borrowing money *held* admissible as an admission of one of the conspirators during the existence of the conspiracy, where a conspiracy was found to exist.

4. **Witnesses ⊙⇒287 (1)—Redirect examination in explanation of cross-examination held proper.**

   In a prosecution for conspiracy to secure exemption from military service, the statement of a witness that it was the custom of government agents to give to persons under investigation an opportunity to explain,

drawn out on redirect examination in explanation of testimony on cross-examination, was admissible.

5. **Criminal law ☞1130(5)—Where briefs fail to comply with court rules, specifications of error may be disregarded.**

A specification of error relating to a remark of the trial court may be disregarded, where rule 24, par. 2, subd. 3 (188 Fed. xvi, 109 C. C. A. xvi), requiring a brief of the argument to exhibit a clear statement of the points of law or facts, with reference to record pages, and authorities in support of each point, was not complied with.

6. **Criminal law ☞1166½ (12)—Remarks of judge held harmless.**

A remark of the trial court that in its opinion a certain item of testimony was immaterial was not subject to objection, where the testimony was admitted, and the court told the jury that they were to consider the testimony, and not be bound by the remarks of the court.

7. **Conspiracy ☞48—Instructions held sufficient.**

In a prosecution for conspiracy to secure exemption from military service by means of bribery, an instruction stating that, "in order to prepare for it," one conspirator drew out a sum of money, *held* to refer, not to the formation of the conspiracy, but to the accomplishment of its purpose, and hence not objectionable.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Criminal prosecution by the United States against Leslie E. Clark. Judgment of conviction, and defendant brings error. Affirmed.

Charles H. Mayer, of St. Joseph, Mo. (Charles F. Strop, of St. Joseph, Mo., on the brief), for plaintiff in error.

Francis M. Wilson, U. S. Atty., of Kansas City, Mo. (Elmer B. Silvers, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before HOOK, Circuit Judge, and AMIDON and BOOTH, District Judges.

BOOTH, District Judge. This is a writ of error to reverse judgment, after verdict convicting Clark of conspiracy to bribe members of the local board of Buchanan county, Mo., in connection with the examination of one Enoch Shepherd for military service. The indictment against Clark and one Daniel Shepherd was drawn under sections 37 and 39 of the Criminal Code (Comp. St. §§ 10201, 10203), and contained two counts. Clark had a separate trial, and the court directed a verdict of not guilty upon the second count. He was convicted upon the first.

The first specification of error challenges the indictment as being insufficient, on the ground that it wholly fails to charge the commission of an overt act towards the consummation of the conspiracy. The overt acts alleged in the indictment were the drawing of certain money from a bank by one of the alleged conspirators, the paying it over to the defendant Clark, and the acceptance of it by Clark; and it was alleged in the indictment that these acts were done in pursuance of the conspiracy and to effect the object thereof. Counsel for plaintiff in error contended that the drawing of the money from the bank was in itself an innocent act, that the payment of said money

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by one alleged conspirator to another in itself was an innocent act, that the receipt of said money by that other was an innocent act, and that "no one, or all, of said acts, if done as alleged, had any effect towards carrying out the alleged conspiracy."

[1] . The sufficiency of the indictment was first attacked by motion in arrest of judgment, so that the present specification of error might be disposed of on the ground that such motions are not favored, and cannot prevail, unless the pleading attacked is wholly bad. Baker v. Warner, 231 U. S. 588, 592, 34 Sup. Ct. 175, 58 L. Ed. 384; August v. U. S., 257 Fed. 388, 391, 168 C. C. A. 428. But it is not necessary to invoke that rule, because in the case at bar the indictment does not approach the class of wholly bad, but stands in the class of clearly good; and the answer to the contention of plaintiff in error is (1) that the overt act alleged in an indictment for conspiracy need not be a crime, but of itself may be innocent (Hyde v. U. S., 225 U. S. 347, 360, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; U. S. v. Rabinowich, 238 U. S. 78, 86, 35 Sup. Ct. 682, 59 L. Ed. 1211; Witte v. Shelton, 240 Fed. 265, 273, 153 C. C. A. 191; Jelke v. U. S., 255 Fed. 264, 166 C. C. A. 434; Gruher v. U. S., 255 Fed. 474, 477, 166 C. C. A. 550); and (2) that it is not necessary to allege in the indictment the exact method by which the overt act would tend to consummate the conspiracy (Gantt v. U. S., 108 Fed. 61, 47 C. C. A. 210; U. S. v. Shevlin [D. C.] 212 Fed. 343; Houston v. U. S., 217 Fed. 852, 133 C. C. A. 562; De Lacey v. U. S., 249 Fed. 625, 161 C. C. A. 535, L. R. A. 1918E, 1011; Collier v. U. S., 255 Fed. 328, 166 C. C. A. 498; Gruher v. U. S., supra).

[2] The sixth and second specifications of error are based upon the refusal of the court to direct a verdict of not guilty at the close of all the evidence; the sixth specification asserting failure of proof as to the formation of the conspiracy alleged in the indictment, and the second, asserting failure of proof as to the commission of any overt act. Under these specifications of error counsel contends that, though the evidence may show an agreement between defendant Clark and Dan Shepherd, the other alleged conspirator, yet that it was simply an agreement that Clark should make legitimate efforts to secure exemption for Enoch Shepherd, and further, even conceding that the evidence might sustain a finding that the agreement was conspiratous, yet that the drawing of the money by Dan Shepherd and the paying of it to Clark and the receipt thereof by Clark were simply acts done during the formation of the conspiracy, and constituted the completion of the conspiracy, instead of being acts done after the formation of the conspiracy and in pursuance thereto and to effect the purpose thereof.

Without reviewing the testimony at length, it is sufficient to say that a careful consideration of the same satisfies us that the jury was fully justified in finding that the conspiracy alleged was in fact formed on August 22, 1917, and that defendant Clark was one of the conspirators. The testimony of Enoch Shepherd that defendant Clark said at the conference in the jail, on August 22, 1917, that he, Clark, would have to fix things with the examining physician of the local

board, that to bring about the exemption of Enoch would take he thought $1,000, if it had to be taken higher up, that is, to the district board, and that he wanted the money in payments, and in cash, rather than by check, the failure of the attempt on the trial to show by Clark that there was any field in which he could render legitimate services except merely nominal in connection with the matter—all point to a conspiratous agreement, rather than to an honest one. The evidence is also convincing that the overt acts alleged—the drawing of the $250, the payment of it to Clark, and his receiving it—were overt acts in fact; that is, acts subsequent to the formation of the conspiracy, done by a conspirator pursuant thereto, and to effect the object thereof.

[3, 4] The third specification of error challenges the admission of two items of evidence: First, the conversation of Dan Shepherd with the cashier of the bank at the time of the negotiations for borrowing the $1,000. As an admission of one of the conspirators during the existence of the conspiracy, it was plainly admissible, provided the jury found, as it did, that the conspiracy existed. The limited purpose of the testimony was carefully explained by the court to the jury. Second, the statement of the witness Schmitz that it was the custom of the agents of the government to give to persons under investigation an opportunity to explain. This testimony was drawn out upon redirect examination, in explanation of testimony of the same witness that had been elicited on cross-examination by counsel for defendant. As being explanatory it was admissible.

[5, 6] The fourth specification of error might be disregarded, because of noncompliance by counsel with subdivision 3 of paragraph 2 of rule 24 of this court (188 Fed. xvi, 109 C. C. A. xvi). Overlooking this noncompliance, however, we find no merit in the specification. It relates to a remark of the court, during the trial, that in its opinion a certain item of testimony was immaterial. The testimony, however, was admitted, and the court plainly told the jury that they were to consider the testimony, and the whole of it, and not be bound by any remark made by the court in reference thereto.

[7] The fifth specification of error challenges the charge of the court in relation to the alleged overt acts. The court instructed the jury that they should find, first, the existence or nonexistence of the conspiracy as charged, and, if they found the existence of the conspiracy as charged, they should then take up and consider the alleged overt acts, and determine whether they were such in fact. The part of the charge complained of is as follows:

"It is charged in the indictment that three things were done by one of the so-called conspirators: First, that, in order to prepare for it, the defendant Daniel Shepherd, not now on trial, drew out this sum of $250; that he drew it out for the purpose of giving it to Clark to carry out the object of the conspiracy."

Criticism of counsel is as follows:

"In other words, the preparation by Shepherd made by him in order to complete the agreement is held by the court to be an overt act towards effecting the conspiracy."

This criticism of counsel rests upon a misapprehension. The words used by the court, "in order to prepare for it," refer, not to the formation of the conspiracy, but to the accomplishment of its purpose, viz. the bribery. This is clearly apparent from the language of the charge, both preceding and following the quoted words.

In our judgment, the indictment was sufficient, the verdict amply supported by the evidence, and there were no errors upon the trial.

Judgment affirmed.