### McWHORTER v. UNITED STATES, and three other cases.

(Circuit Court of Appeals, Eighth Circuit. May 26, 1924.)

Nos. 6247–6250.

1. **Criminal law ⊚⇒1186(4)—Duty of Circuit Court of Appeals to look to entire record, and give judgment without regard to technical errors.**

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), it is duty of Circuit Court of Appeals to consider entire record, and give judgment without regard to technical errors not affecting substantial rights of parties, and hence conviction for conspiracy to defraud by use of mails must be reversed, where overt acts were not committed within three years, though called to appellate court's attention for first time on petition for rehearing.

2. **Conspiracy ⊚⇒47—Evidence held not to show overt act within three years.**

Evidence in support of indictment for conspiracy to use mails to defraud *held* not to show overt act within three years.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

On petition for rehearing. Former opinion set aside, and judgment below reversed, with directions to grant new trial.

For former opinion, see 297 Fed. 120.

Hal S. Corbett, of New York City, for plaintiff in error Chipley.

Moman Pruiett, of Miami, Fla., and Victor A. Sniggs, of Oklahoma City, Okl., for plaintiff in error Masse.

T. S. Allen, of Lincoln, Neb., and A. L. Sutton, of Omaha, Neb., for other plaintiffs in error.

I. J. Ringolsky, M. L. Friedman, W. G. Boatright, and Ringolsky, Friedman & Boatright, all of Kansas City, Mo., for all plaintiffs in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (George A. Keyser, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before SANBORN and KENYON, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The petition for rehearing, among other grounds, claims that the offenses charged in the indictment were barred, the last overt acts having been committed more than three years prior to the finding of the indictment. The indictment is for conspiracy to violate section 215 of the Penal Code (Comp. St. § 10385),

⊚⇒For other cases see same top. < KEY-NUMBER in all Key-Numbered Digests & Indexes

and was returned on the 4th day of January, 1922. It sets out 17 overt acts in using the mails to execute a scheme to defraud. The first 16 acts enumerate letters sent to 16 different persons through the post-office department of the United States in the year 1918, therefore more than three years before the return of the indictment. The seventeenth overt act charges sending a letter to Mrs. Jennie Biggerstaff, Broken Bow, Neb., on January 9, 1919, therefore within three years. At the trial in the District Court the attention of the court was not called to these facts, either by demurrer to the indictment or any part thereof, or motion in arrest of judgment or for an instruction to the jury. Nor were they assigned as error in the assignment of errors, or referred to in the briefs of counsel or in the oral arguments at the hearing in this court. In the petition for rehearing they are for the first time called to our attention.

[1] In view of the provisions of section 269, Judicial Code as amended by the Act of February 26, 1919 (section 1246, U. S. Comp. St. 1919 Supp.), it is our duty to look to the entire record before the court, and give judgment without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties. In August v. United States, 257 Fed. 388, 168 C. C. A. 428, this court reversed a conviction for improper argument to the jury by the District Attorney, although no exceptions had been taken at the trial. This case was followed by this court in Skuy v. United States, 261 Fed. 320, Clark v. United States, 265 Fed. 104, McNutt v. United States, 267 Fed. 570, and by several Circuit Courts of Appeals of other Circuits. For this reason there could be no verdict of guilty on these overt acts.

[2] As the seventeenth overt act charges the use of the mails on January 9, 1919, which is within three years of the filing of the indictment, the verdict of the jury can be sustained, if there was any substantial evidence to warrant it. A careful reading of the record fails to show that this letter of January 9, 1919, was ever sent by any of the defendants through the mails to Mrs. Biggerstaff. The only letters which she testified as having received from the company through the post office were mailed, one September 4, 1918, and one December 17, 1918, each more than three years prior to the filing of the indictment. The only evidence that this letter or one similar to it was ever sent by the defendants through the mails on January 9, 1919, was the testimony of Mr. Lee Hallsted, the person named in the overt act enumerated 12 in the indictment. He testified to having received this letter of January 9, 1919, but the indictment does not allege this letter to have been mailed to him, but only charges a letter sent to him on September 24, 1918. As there is no evidence whatever that the letter of January 9, 1919, set out as the seventeenth overt act, was ever sent to or received by Mrs. Biggerstaff, there is no evidence of any overt act committed within three years prior to the filing of the indictment.

The judgment of this court, heretofore entered, affirming the judgment of the District Court, must be and is set aside, and the cause reversed, with directions to grant a new trial.