**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Allen HEATHINGTON, Jr., Defendant-Appellant.**

**No. 75-4047.**

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1977.

Roland E. Dahlin, Federal Public Defender, Houston, Tex. (Crt. Apptd. Not Under Act), Mike DeGeurin, Asst. Federal Public Defender, Houston, Tex., Gustavo L. Acevedo, Asst. Federal Public Defender, Laredo, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GEE and FAY, Circuit Judges.

PER CURIAM:

After a jury trial at which he was represented by a federal public defender, appellant was convicted of conspiracy to import cocaine in violation of 21 U.S.C. § 952(a). The court sentenced him to five years' imprisonment and a special parole term of five years, the execution of which was suspended while appellant was on supervised probation. He contends that the trial judge erred in failing to charge the jury on withdrawal from a conspiracy and in denying his motion to dismiss the indictment.

After careful consideration of the record, the briefs, and oral argument, we think that both of appellant's contentions are without merit. An instruction on a defense theory may be refused if the evidence does not sufficiently raise the issue. *Pierce v. United States*, 414 F.2d 163, 167–68 (5th Cir. 1969). The evidence in this case was not sufficient to raise the issue of withdrawal. Moreover, the evidence was overwhelming upon which the jury could find an agreement to violate the law and an overt act done in furtherance of the agreement's object, assuming the same to be required, prior to the alleged withdrawal. Such a withdrawal would come too late to absolve one of liability for the crime of conspiring. *Collier v. United States*, 255 F. 328, 329 (5th Cir. 1918). The court also properly denied appellant's motion to dismiss. The government clearly did not agree to dismiss the indictment, as alleged by appellant.

JUDGMENT AFFIRMED.