**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Lewis Lovern GREENWOOD,
Defendant–Appellee.**

No. 90–5018.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1990.

Decided March 20, 1991.

Julie Marie Campbell (argued), Asst. U.S. Atty., John Perry Alderman (on brief), U.S.

Atty., Abingdon, Va., for plaintiff-appellant.

Charles Bernard Phillips, Phillips, Doherty & Swanson, Salem, Va., for defendant-appellee.

Before WIDENER and WILKINSON, Circuit Judges, and WARD, Senior District Judge for the Middle District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

Lewis Greenwood was convicted on August 25, 1989 of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Following the sentencing hearing, Greenwood was sentenced to a four-year term of probation and fined $1,500.00. Greenwood does not appeal this conviction or sentence so we dispense with a recitation of the facts leading to his conviction. This appeal is by the government and is concerned solely with its assignments of error. The government contends that the trial court erred in granting Greenwood a two-level reduction in offense level for acceptance of responsibility, and in sentencing Greenwood to a term of probation rather than imprisonment.

■ A trial judge's determination that a defendant is entitled to a two-level reduction for acceptance of responsibility under Guidelines § 3E1.1 is a factual issue that will not be disturbed unless clearly erroneous. *United States v. White*, 875 F.2d 427, 431 (4th Cir.1989). The district court found that although Greenwood had some initial confusion about the distinction between possession and ownership, he had accepted responsibility for his possession of the guns at the time of sentencing, and therefore was entitled to the reduction. We cannot say that that decision was clearly erroneous.

■ After making the acceptance of responsibility reduction, the trial court determined that a downward departure from the guidelines sentencing range was warranted due to Greenwood's severe physical handicap. Greenwood lost both of his legs below the knee due to action in the Korean War. The trial judge found that this severe medical impairment required treatment at the Veterans Administration Hospital and that incarceration would jeopardize this treatment. Consideration of such an extraordinary medical problem in deciding to impose a sentence other than imprisonment is specifically authorized by the Guidelines. U.S.S.G. § 5H1.4 (1988). Therefore, the district court's decision to depart based upon this determination was not error.

Accordingly, the judgment of the district court is

AFFIRMED.