32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy STRINGFIELD, a/k/a Little Joe, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell DABNEY, Sr., a/k/a Shorty, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionela. STITH, a/k/a Nooney Baby, a/k/a Buck, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric STITH, a/k/a Snake, Defendant-Appellant.
 Nos. 92-5822, 92-5844, 92-5835, 92-5836.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1994.
Decided Aug. 8, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-92-79).
 ARGUED: Joseph W. Kaestner, Kaestner & Associates, Richmond, VA, for appellant Dabney.
 Charles David Whaley, Morchower, Luxton & Whaley, Richmond, VA, for appellant Stringfield.
 Peter Dean Eliades, Eliades & Eliades, Hopewell, VA, for appellant Eric Stith.
 John C. Jones, Jr., Hydrick Law Offices, Richmond, VA, for appellant Lionel Stith.
 Stephen Wiley Miller, Asst. U.S. Atty., Richmond, VA, for appellee.
 ON BRIEF: Helen F. Fahey, U.S. Atty., Carl Muzi, Third Year Law Student, Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before ERVIN, Chief Judge, SPROUSE, Senior Circuit Judge, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Lionel Stith, Eric Stith, Russell Dabney, Sr., and Timothy Stringfield were convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846.[1] Lionel Stith and Dabney, Sr. appeal their convictions and sentences. Eric Stith and Stringfield contest only their sentences. We affirm all of the defendants' convictions but vacate the sentences of Eric Stith, Russell Dabney, Sr., and Timothy Stringfield under the principles of United States v. Irvin, 2 F.3d 72, 76-77 (4th Cir.1993), cert. denied sub nom. Gonzales v. United States, 114 S.Ct. 1086 (1994), and remand to the district court for resentencing.
 
 
 2
 * From January 1989 to November 1990, Lionel Stith directed a cocaine distribution operation in an area known as "the Corner," in Wakefield, Virginia. Eric Stith was involved in selling cocaine for Lionel Stith early on. Russell Dabney, Sr. and Timothy Stringfield began selling for Lionel Stith in late 1989 or early 1990. According to the trial testimony of two other members of the conspiracy, Lonnie Gray and Leslie Gay,[2] Lionel Stith obtained multi-ounce quantities of cocaine from New York and Newport News, Virginia. Lionel Stith and other members of the conspiracy repackaged the cocaine into 1/4-gram quantities, which were distributed to members of the conspiracy in lots of twenty-eight, to sell for $25 each. From the $700 generated from the sales, each vendor kept $200 and gave $500 to Lionel Stith. Lionel Stith permitted only one member of the conspiracy to sell at a time.
 
 
 3
 Several witnesses testified about their purchases of cocaine from the four appellants and other members of the conspiracy. In addition, from July 6, 1989, to August 10, 1990, undercover agents made twelve cocaine purchases at the Corner from these same individuals. At trial, Russell Dabney, Sr. admitted that he had sold cocaine at the Corner for some time. He claimed, however, that he had stopped selling in July 1990, a few months before the cocaine operation ceased as a result of the participants' arrests. A Special Agent of the Internal Revenue Service testified regarding an oral statement he had received from Russell Dabney, Jr.,[3] which identified Lionel Stith as the principal operator of the conspiracy and described details of the cocaine distribution process. The agent redacted any reference to Lionel Stith and instead testified that Dabney, Jr. stated that he had paid drug proceeds to Lonnie Gray, who was collecting on behalf of "another individual."[4]
 
 
 4
 In September 1992, after a jury trial, each appellant was convicted of conspiring to distribute cocaine in violation of 21 U.S.C. Sec. 846 (Count 1). Lionel Stith was also convicted of two counts of money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i) (Counts 3 and 5), and Eric Stith was convicted of one count of money laundering (Count 3).[5] At the sentencing hearing, held on November 25, 1992, the district court determined that it must apply the five-year mandatory minimum sentence, set forth in 21 U.S.C. Sec. 841(b), to each defendant on the conspiracy convictions because each was convicted of participation in a conspiracy that distributed in excess of 500 grams of cocaine. The court did not calculate the amount of cocaine that was reasonably foreseeable to each defendant within the scope of his agreement. Lionel Stith was ultimately sentenced to 100 months imprisonment on the conspiracy conviction and 57 months on each of the money laundering convictions, all sentences to run concurrently. Eric Stith was sentenced to 60 months on his conspiracy conviction and 46 months on his money laundering conviction, to run concurrently. Timothy Stringfield and Russell Dabney, Sr. were sentenced to 60 months and 36 months, respectively, on their conspiracy convictions.[6]
 
 
 5
 Lionel Stith and Dabney, Sr. appeal their conspiracy convictions on various grounds. Dabney, Sr., Eric Stith, and Stringfield appeal their sentences on the ground that the district court failed to calculate the amount of cocaine reasonably foreseeable to each of them as required by Irvin, supra. Lionel Stith also appeals his sentence, contending that the district court erred by not granting him a reduction for acceptance of responsibility. We affirm all of the convictions but vacate the sentences of Russell Dabney, Sr., Eric Stith, and Timothy Stringfield and remand for resentencing according to the rule we announced in Irvin, 2 F.3d at 76-77.
 
 II
 
 6
 We review Lionel Stith's challenge regarding the sufficiency of the evidence under the standard of Jackson v. Virginia, 443 U.S. 307, 319 (1979), and inquire whether "any rational trier of fact could have found the essential elements of the crime [charged] beyond a reasonable doubt...." Applying this standard, we reject Lionel Stith's argument that there was insufficient evidence to sustain his conspiracy conviction. He argues that the evidence showed only that he was an individual distributor of cocaine. However, trial testimony established not only that Lionel Stith sold cocaine, but also that his activities were part of a conspiracy, and that he was the principal architect of the conspiracy. He directed the cocaine distribution operation. He supplied the dealers at the Corner, packaged the cocaine in saleable quantities, set the prices, and directed that only one of his dealers would sell at a time. Leslie Gay testified that Lionel Stith promised he would see to getting his dealers out of jail if they were caught selling cocaine on the Corner. An undercover agent testified that after he requested cocaine from Lionel Stith, a different vendor was sent to fill his order. This evidence was more than sufficient to support the conspiracy conviction. United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992); United States v. Roberts, 881 F.2d 95, 101 (4th Cir.1989).
 
 
 7
 Lionel Stith also contends that his Sixth Amendment right to confront witnesses was violated by the special agent's testimony detailing the confession of Russell Dabney, Jr., a non-testifying codefendant. Bruton v. United States, 391 U.S. 123 (1968). We review de novo, United States v. Williams, 977 F.2d 866, 869 (4th Cir.1992), cert. denied, 113 S.Ct. 1342 (1993), and agree with the government that Bruton is not implicated here. As the Supreme Court has stated, when the admission of a non-testifying codefendant is redacted to eliminate all references to the defendant, the Confrontation Clause is not violated. Richardson v. Marsh, 481 U.S. 200, 211 (1986); see also United States v. Vogt, 910 F.2d 1184, 1191-92 (4th Cir.1990), cert. denied, 498 U.S. 1083 (1991) (co-defendant's confession is admissible when it is redacted to replace the defendant's name with a symbol or a neutral pronoun). Here, the special agent redacted Lionel Stith's name from Dabney, Jr.'s statement, and standing alone, the statement did not incriminate Lionel Stith. It was the trial testimony of coconspirators that linked Lionel Stith to the incident described in the statement, and they were subject to cross-examination. See United States v. Campbell, 935 F.2d 39, 43 (4th Cir.), cert. denied, 112 S.Ct. 348 (1991).
 
 
 8
 We also find no merit to Lionel Stith's contention that the district court erred in sentencing him by not granting him a two-level reduction for acceptance of responsibility. U.S.S.G.Sec. 3E1.1. Prior to his sentencing, Lionel Stith denied being involved in a conspiracy to distribute more than 500 grams of cocaine, and he denied committing any money laundering offenses. The district court found that this behavior was inconsistent with an acceptance of responsibility. We cannot say that this was clearly erroneous. See United States v. Greenwood, 928 F.2d 645, 646 (4th Cir.1991).
 
 III
 
 9
 Russell Dabney, Sr. argues that the district court erred by refusing to give a requested jury instruction concerning his withdrawal from the conspiracy. We are not persuaded. In making the determination of whether a defendant is entitled to an instruction, we inquire whether, taken as a whole, the instructions fairly stated the controlling law, Chavis v. Finnlines Ltd., O/Y, 576 F.2d 1072, 1076 (4th Cir.1978). "In order to be found to have withdrawn from a conspiracy, a defendant must show that he or she acted affirmatively to defeat or disavow the purpose of the conspiracy." United States v. Wentland, 582 F.2d 1022, 1025-26 (5th Cir.1978), cert. denied, 439 U.S. 1133 (1979). Dabney, Sr. simply has not met that requirement. See United States v. Heathington, 545 F.2d 972, 973 (5th Cir.1977). He argues, nevertheless, that evidence showing that he had stopped selling cocaine prior to the termination of the conspiracy should have been considered by the jury in making its determination of whether he was responsible for the entire amount of cocaine involved. The principal flaw in this argument is that the district court, not the jury, makes this determination at sentencing. Irvin, 2 F.3d at 75.
 
 IV
 
 10
 Dabney, Sr., Eric Stith, and Stringfield correctly contend, however, that the district court erred by failing to calculate the quantity of cocaine attributable to each of them before it applied the mandatory minimum sentence provision of 21 U.S.C. Sec. 841(b).[7] In Irvin, 2 F.3d at 78, decided after these defendants were convicted and sentenced, we held that "in order to apply Sec. 841(b) properly, a district court must first ... determine the quantity of narcotics reasonably foreseeable to each coconspirator within the scope of his agreement," rather than automatically rely on the quantity attributed to the conspiracy as a whole. In light of this, we must vacate their conspiracy convictions and remand with instructions that the district court resentence after calculating the quantity of cocaine attributable to each defendant according to the Irvin rule.
 
 
 11
 In view of the above, the convictions of all the defendants are affirmed, but the sentencing of the district court is affirmed in part, vacated in part, and remanded for resentencing of all the appellants except Lionel Stith.
 
 
 12
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Five other defendants were indicted with the appellants for conspiracy to distribute cocaine. These individuals either pled guilty or have not appealed their convictions
 
 
 [2]
 Gray and Gay pled guilty to conspiracy, and their convictions are not part of this appeal
 
 
 [3]
 Russell Dabney, Jr. was found guilty of participating in the conspiracy and has not appealed
 
 
 [4]
 Earlier in the trial, Lonnie Gray and Leslie Gay had testified to turning a portion of their cocaine proceeds over to Lionel Stith
 
 
 [5]
 Neither Lionel Stith nor Eric Stith appeal their money laundering convictions
 
 
 [6]
 The district court found that the five-year mandatory minimum applied to Russell Dabney, Sr., but since he had already served 24 months on a state charge for the same conduct, it reduced his sentence to 36 months pursuant to U.S.S.G. Sec. 5G1.3, comment n. 2
 
 
 [7]
 Lionel Stith does not raise this issue