**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4493

TOBIN KINDER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4533

SAMANTHA GILPIN, a/k/a Sam,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-97-11)

Submitted: February 24, 1998

Decided: December 31, 1998

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI, Wheeling, West Virginia, for Appellant Kinder; Robin M. Crum, Moundsville, West Virginia, for Appellant Gilpin. William D. Wilmoth, United States Attorney, Thomas D. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tobin Kinder pleaded guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Kinder was sentenced to eighty months imprisonment and three years supervised release. Kinder contends that the district court erred in failing to downwardly depart from the applicable guideline range because it believed that it lacked the authority to grant a departure. Samantha Gilpin pleaded guilty to distribution of crack cocaine within 1000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 860 (1994). Gilpin was sentenced to thirty-seven months imprisonment and five years supervised release. Gilpin contends that the district court erred in awarding a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.2(a)(1) (1995). Finding no error, we affirm.

I

Prior to sentencing, Kinder moved for a downward departure under U.S. Sentencing Guidelines Manual § 5H1.4 (1995), asserting that his severe medical impairments warranted a departure below the applicable guideline range. He asserted that he suffered from alcohol and drug dependencies, hepatitis, and cirrhosis of the liver. The district court denied the motion, finding that Kinder's drug and alcohol

2

dependence and medical condition were not extraordinary conditions warranting a departure. The district court specifically noted that USSG § 5H1.4 provided that alcohol and drug dependence is not a basis for departing below the applicable guideline range. Kinder timely noted an appeal.

On appeal, Kinder contends that the district court erroneously determined that it did not have the authority to depart downward based on Kinder's alcohol and drug dependency and medical condition. He asserts that the district court's statement at sentencing that "even if I had the authority--even though I might have the authority to grant departure" demonstrates that the district court believed it lacked authority to depart.

A decision not to depart is normally not appealable. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). However, an appeal may be entertained if the district court's decision was based on an erroneous belief that it lacked the legal authority to depart. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992).

The sentencing transcript reveals that the district court heard argument on whether Kinder's dependencies and medical condition constituted an extraordinary physical impairment. The district court specifically found that, under USSG § 5H1.4, Kinder's dependencies did not warrant a departure. Further, the district court distinguished United States v. Greenwood, 928 F.2d 645 (4th Cir. 1991), the authority on which Kinder relied, and found that Kinder's medical condition did not constitute an extraordinary physical impairment. We find that the district court considered Kinder's physical condition as a basis for a possible departure but found that the facts of this particular case did not warrant a departure on that basis. Therefore, Kinder is precluded from appealing the district court's refusal to downwardly depart based on his physical condition. See Bayerle, 898 F.2d at 31.

II

In the written plea agreement and at the rearraignment hearing, Gilpin reserved the right to argue at sentencing that the Marshall County Head Start Program ("Program") was not a protected location under 21 U.S.C. § 860 because it was not a school. The district court over-

3

ruled Gilpin's objection, finding that the Program was a school. The district court further found that the Program resembles and follows many of the principles that one would apply to an elementary school or public kindergarten; therefore, the benefit of the drug-free zone created by § 860 and afforded to the schools enumerated in the statute should apply to this location as well. Gilpin timely noted an appeal.

On appeal, Gilpin contends that the district court erred in awarding a two-level enhancement under USSG § 2D1.2(a)(1), based on its finding that the offense occurred within 1000 feet of a protected location, the Program. Gilpin concedes that she distributed crack cocaine within 1000 feet of the Program and that under § 860, public and private elementary, vocational, and secondary schools are protected locations. Gilpin, however, asserts that the Program is not a school, but rather, it is an extension of the local welfare department.

We review factual issues regarding application of the guidelines under a clearly erroneous standard. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). We review legal issues involving application of the guidelines de novo. See id.  To the extent that the issue before the court is more factual than legal, the standard of review approaches that of review for clear error.

We hold that the district court did not clearly err in finding that the Program was a school. Although the Program has some purposes other than education, it resembles and follows many of the principles that one would apply to an elementary or public kindergarten. The Program operates on a 128-day calendar year, from September to May. The children enrolled in the Program are between the ages of three and five, and they attend the Program five hours a day, four days a week. The children are involved in developmental activities that are designed to improve their thinking ability and cognitive development. The Program employs a teacher and an assistant teacher. Thus, we reject this claim. See Daughtrey, 874 F.2d at 217.

III

We affirm Kinder's and Gilpin's sentences. We dispense with oral argument because the facts and legal contentions are adequately pre-

4

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5