**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4500**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANE A. MASON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Joseph Robert Goodwin,
District Judge.  (CR-04-127)

Argued:  September 21, 2006        Decided:  February 2, 2007

Before WILKINS, Chief Judge, KING, Circuit Judge, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Anthony Victor, Charleston, West Virginia, for
Appellant.  Richard Gregory McVey, OFFICE OF THE UNITED STATES
ATTORNEY, Huntington, West Virginia, for Appellee.  **ON BRIEF:**
Charles T. Miller, Acting United States Attorney, Huntington, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dane Anthony Mason appeals his convictions and sentence for various drug offenses, as well as a forfeiture order of the district court. Finding no error, we affirm.

## I.

Beginning in 1998 or 1999, Kirt King sold cocaine in and around Parkersburg, West Virginia. Mario Mason, Appellant Mason's brother, was also selling cocaine in the area at that time. King and Mario joined forces, and the resulting drug conspiracy continued until its members were arrested on June 2, 2004.

Mason was an active member of the conspiracy, albeit one with a limited role. Tim Wise, a confidential informant working for the task force investigating the conspiracy, made three controlled purchases of cocaine from Mason in April and June 2004. For each purchase, Wise paid Mason $300 and received one quarter-ounce of cocaine. During the second purchase, Wise and Mason drove from Mason's home to King's residence; Mason went inside while Wise remained in the vehicle. When Mason returned with the cocaine, he described it as "fire" and stated that "[i]t came out of the middle of the kilo." J.A. 688.

Based on the foregoing evidence, a jury convicted Mason of one count of conspiring to distribute more than 500 grams of cocaine and three counts of distributing cocaine. See 21 U.S.C.A.

2

§§ 841(a)(1), 846 (West 1999). He was sentenced to 63 months imprisonment and five years of supervised release. Due to his convictions, Mason was also subject to a criminal forfeiture order. See 21 U.S.C.A. § 853 (West 1999 & Supp. 2006); Fed. R. Crim. P. 32.2(b)(1). The district court entered a forfeiture order against Mason in the amount of $22,200, $21,300 of which was the estimated street value of the remaining kilogram of cocaine involved in the second controlled purchase.

## II.

### A.

First, Mason argues that the district court committed error by failing to instruct the jury on the lesser-included offense of conspiracy to distribute less than 500 grams of cocaine. A decision by the district court to give or not to give a jury instruction is reviewed for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992).

For Mason to be entitled to a lesser-included offense instruction, he must show that "the proof of the element that differentiates the two offenses [is] sufficiently in dispute that the jury could rationally find [him] guilty of the lesser offense but not guilty of the greater offense." United States v. Walker, 75 F.3d 178, 180 (4th Cir. 1996). The requisite dispute exists when "the testimony on the distinguishing element [is] sharply conflicting, or ... the conclusion as to the lesser offense [is]

3

fairly inferable from the evidence presented." Id. Mason argues that he was entitled to a lesser-included offense instruction because there was no evidence that he "possess[ed] or distribute[d] more than 500 grams of cocaine." Br. of Appellants at 13.

We disagree. Mason conceded that he participated in drug purchase transactions with Wise and others. The evidence presented at trial showed that the conspiracy was a longstanding one, operating for approximately five years. In addition, evidence showing that it was responsible for distributing more than 500 grams of cocaine was not contradicted by the defense. Consequently, there is no differentiating element of the offenses in dispute, and Mason cannot show he was entitled to the instruction. Therefore, the district court did not abuse its discretion.

B.

Next, Mason contends that the district court erred when it refused to grant him a reduction for acceptance of responsibility because he was willing to plead guilty to distributing less than 500 grams of cocaine. See United States Sentencing Guidelines Manual § 3E1.1 (2005). We disagree.

A decision by the district court whether to grant a reduction for acceptance of responsibility is a factual determination that will not be reversed unless it is clearly erroneous. See United States v. Greenwood, 928 F.2d 645, 646 (4th Cir. 1991). To be

4

entitled to receive a reduction under § 3E1.1, Mason must show that he has clearly recognized and affirmatively accepted "personal responsibility for his criminal conduct." United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). Ordinarily, a defendant who puts the government to its burden of proof at trial is not entitled to the reduction. See U.S.S.G. § 3E1.1, comment. (n.2).

Mason acknowledges the general rule that one who proceeds to trial is precluded from receiving a reduction for acceptance of responsibility, but he maintains that his circumstances are exceptional. We disagree. As discussed previously, the evidence overwhelmingly established Mason's involvement in a conspiracy to distribute more than 500 grams of cocaine. Therefore, Mason's offer to plead guilty to a lesser offense is not consistent with acceptance of responsibility for his criminal conduct.

C.

Last, Mason argues that the forfeiture order imposed by the district court violates the Excessive Fines Clause of the Eighth Amendment. Again, we disagree. We review the question of whether the forfeiture was constitutionally excessive de novo and underlying factual determinations for clear error. See United States v. Bajakajian, 524 U.S. 321, 336 & n.10 (1998).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

punishments inflicted." U.S. Const. amend. VIII. "[A] punitive forfeiture violates the Excessive Fines Clause [when] it is grossly disproportional" to the criminal conduct. Bajakajian, 524 U.S. at 334. To determine whether the forfeiture is disproportionate, a court "must compare the amount of the forfeiture to the gravity of the defendant's offense." Id. at 336-37. A defendant bears the burden of proving that the forfeiture imposed is excessive. See United States v. Ahmad, 213 F.3d 805, 816 (4th Cir. 2000).

It is well established that members of a conspiracy are liable for the foreseeable criminal conduct of other members of the conspiracy. See Pinkerton v. United States, 328 U.S. 640, 647 (1946). This principle also applies to forfeiture, which is "an element of the defendant's sentence." United States v. McHan, 101 F.3d 1027, 1043 (4th Cir. 1996) (internal quotation marks & alteration omitted).

After considering the factors set forth in Bajakajian, we are satisfied that Mason's $22,200 forfeiture is not grossly disproportionate to the gravity of his offense. It is clear that the criminal activity in which Mason was involved was extensive, long-term, and serious. The gravity of Mason's offenses is evident in the statutory punishment provisions, which allow for a maximum sentence of 40 years and a fine of up to $2 million. See 21 U.S.C.A. § 841(b)(1)(B). It is also clear that the extent of the criminal activity was reasonably foreseeable to Mason.

III.

For the reasons set forth above, we affirm Mason's convictions and sentence.

AFFIRMED