**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Natalio MARTINEZ–GUERRERO,**
**Defendant–Appellant.**

**No. 92–50118.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1992 *.

Decided March 4, 1993.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Janice R. Mazur, San Diego, CA, for defendant-appellant.

David P. Curnow, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before FERGUSON, CANBY, and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Jose Natalio Martinez–Guerrero is legally blind.[1] He pled guilty to one count of aiding and abetting possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing, he asked the court to depart downward from the low end of the applicable guideline range of 27–33 months. He contended that his blindness was an "extraordinary physical impairment" for which a downward departure was authorized by Sentencing Guideline § 5H1.4.

The district court determined that the Bureau of Prisons could accommodate blind prisoners such as Martinez–Guerrero, and for that reason found that he did not suffer from an "extraordinary physical impairment" which would permit the court to depart downward. Concluding that it had

1. An ophthalmologist estimated Martinez–Guerrero's visual acuity at 20/200 and expected a reduction to less than 20/400 over the next several years.

no discretion under the guidelines to depart downward, the court imposed a prison sentence of 27 months. Martinez–Guerrero appeals. We affirm.

## JURISDICTION

The government argues we lack jurisdiction to review Martinez–Guerrero's sentence because the district court exercised its discretion when it refused to depart downward. *See United States v. Morales*, 898 F.2d 99, 102 (9th Cir.1990). We reject this argument because the record does not support it. The record plainly shows that the district court refused to depart downward because, according to its interpretation of section 5H1.4 and case law on which it relied, it had no discretion to depart downward.

"We have jurisdiction to review a district court's refusal to depart downward based on its interpretation of the law as barring such departure." *United States v. Goroza*, 941 F.2d 905, 908 (9th Cir.1991).

## MERITS

■ The applicable subsection of the policy statement for U.S.S.G. § 5H1.4 reads:
Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; *e.g.* in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

This text is a clarification of the previous section 5H1.4, and became effective on November 1, 1991.[2] *See* U.S.S.G.App. C, amend. 386.

■ A departure under section 5H1.4 involves a two-step process. As explained by the Tenth Circuit:
[T]he district court should first make a factual finding to decide whether [the

defendant's] physical and mental disabilities constitute "an extraordinary physical impairment." *United States v. Carey*, 895 F.2d 318, 324 (7th Cir.1990). If the court so finds, it should then consider whether the condition warrants a shorter term of imprisonment or an alternative to confinement. *Id.*
*United States v. Slater*, 971 F.2d 626, 635 (10th Cir.1992).

■ We agree with the Tenth Circuit that the finding whether a disability is "an extraordinary physical impairment" under section 5H1.4 is a factual finding. *See, e.g., United States v. Roe*, 976 F.2d 1216, 1218 (9th Cir.1992) (reversing a factual finding that extreme childhood abuse of defendant was not extraordinary under section 5H1.3). We review a district court's factual findings for clear error, and will not reverse unless we are left with the "definite and firm conviction that a mistake has been committed." *United States v. Ramos*, 923 F.2d 1346, 1356 (9th Cir.1991).

■ Here, the district court relied on the Bureau of Prisons' ability to care for Martinez–Guerrero in finding that his disability was not an extraordinary impairment under section 5H1.4. The ability of the Bureau of Prisons to accommodate a disability is a factor which the district court may consider in making this factual finding. *United States v. Hilton*, 946 F.2d 955, 957–59 (1st Cir.1991); *United States v. Pozzy*, 902 F.2d 133, 138–39 (1st Cir.), *cert. denied*, 498 U.S. 943, 111 S.Ct. 353, 112 L.Ed.2d 316 (1990); *United States v. Greenwood*, 928 F.2d 645 (4th Cir.1991). But it is not the only factor.

A district court may consider any number of circumstances in making its finding on the question of extraordinary physical impairment under section 5H1.4. *See United States v. Long*, 977 F.2d 1264 (8th Cir.1992) (district court's downward departure under section 5H1.4 affirmed on grounds that "an extraordinary physical impairment that results in extreme vulner-

---

**2.** Martinez–Guerrero committed his offense in April 1991. Because the subsequent amendment merely clarified the guideline, we may

apply it retroactively. *See United States v. Scarano*, 975 F.2d 580, 587 (9th Cir.1992).

ability is a legitimate basis for departure"); *United States v. Lara,* 905 F.2d 599, 603–05 (2d Cir.1990) (district court's downward departure affirmed based on the defendant's "potential for victimization" due to a combination of U.S.S.G. §§ 5H1.1 (age), 5H1.3 (mental condition) & 5H1.4).

■ In the present case, the only circumstances presented to the district court were that Martinez–Guerrero was legally blind and that the prison at Springfield could accommodate his blindness. On the basis of this evidence, the district court found that Martinez–Guerrero did not have an extraordinary physical impairment under section 5H1.4. We cannot say this finding is clearly erroneous. Thus, on the record before us, Martinez–Guerrero did not have an extraordinary physical impairment under section 5H1.4. Because he did not, the district court did not err in concluding that it had no discretion to depart downward from the guidelines.

AFFIRMED.

FERGUSON, Circuit Judge, concurring:

I join the majority opinion in its conclusions 1) that the district court applied the wrong legal standard in determining whether Martinez–Guerrero suffered from an extraordinary physical impairment within the meaning of guidelines section 5H1.4, and 2) that the sentence should be affirmed because Martinez–Guerrero failed to meet his burden for justifying downward departure on the basis of his potential for becoming blind in prison. I write separately to highlight the breadth of the appropriate inquiry under section 5H1.4 and the narrowness of our decision in this case.

As the majority opinion indicates, the district court applied the wrong legal standard by limiting its inquiry concerning extraordinary physical impairment under section 5H1.4 to whether the Bureau of Prisons can accommodate a defendant's impairment. Instead, a district court properly engages in a two-step analysis, the first of which is to make a factual finding as to whether a defendant's physical and mental disabilities constitute an extraordinary physical impairment under section 5H1.4.

If the district court finds that an extraordinary physical impairment exists, it then exercises its discretion concerning whether downward departure is warranted, either through a shorter term of imprisonment or an alternative to confinement.

The threshold factual finding of extraordinary physical impairment is not to be made in the abstract; the question is whether the defendant's impairment is extraordinary *under section 5H1.4.* In other words, the proper finding involves a determination of whether the defendant's impairment is sufficiently extraordinary to permit downward departure from the otherwise applicable guidelines sentencing range. Thus, conditions that might be entirely ordinary or widespread in the world outside of prison may still constitute extraordinary physical impairments under section 5H1.4. *See, e.g., United States v. Lara,* 905 F.2d 599, 603 (2d Cir.1990) (upholding a finding of extraordinary physical impairment "because of the defendant's particular vulnerability [to victimization in prison] due to his immature appearance, sexual orientation, and fragility.")

Furthermore, the permissibility of downward departure is informed by the language in section 5H1.4 that calls for a determination of the efficiency and cost of departing below the applicable guideline range. A determination of efficiency, by definition, requires a preliminary determination of the relevant goal to be achieved without waste. The relevant goal is not imposition of a full term of incarceration; instead, the relevant goals to be achieved are framed by 18 U.S.C. § 3553(a), and in particular subsection (a)(2), which "set[s] forth the basic purposes of sentencing—deterrence, incapacitation, just punishment, and rehabilitation." S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code, Cong. & Admin.News 3182, 3250–51. These sentencing goals provide the backdrop for the determination of efficiency called for in the text of section 5H1.4.

Thus, the proper inquiry under section 5H1.4 calls for a comparison between the efficiency and cost of a full term of incar-

ceration, as opposed to a lesser or alternative sentence, in achieving deterrence, incapacitation, just punishment, and rehabilitation.

The sole justification that Martinez–Guerrero offers for reducing his sentence under section 5H1.4 is the "uniquely tragic circumstance[ ] of a defendant who is not yet blind but may be blind by the time he is released from prison," Appellant's Opening Brief at 8–9, and the "unique hardship of potentially losing one's sight in prison," *id.* at 11. Martinez–Guerrero did not argue, and we thus do not pass judgment on, any of a number of potential justifications for finding blindness an extraordinary physical impairment under section 5H1.4. For example, Martinez–Guerrero did not argue that his need for incapacitation is lessened because he is in imminent danger of becoming blind.

Martinez–Guerrero bears the burden of proving the appropriateness of a downward departure. *United States v. Anders*, 956 F.2d 907, 911 (9th Cir.1992). I join the majority in holding that the district court did not commit clear error in finding that Martinez–Guerrero failed to meet his burden for demonstrating that the potential for becoming blind in prison constitutes an extraordinary physical impairment under section 5H1.4.