5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar VILLA-FABELA, Defendant-Appellant.
 No. 93-30019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 11, 1993.
 
 Appeal from the United States District Court for the District of Alaska; H. Russel Holland, District Judge, Presiding.
 D.Alaska.
 DISMISSED.
 Before: SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Villa-Fabela appeals from the 15 month sentence imposed by the district court under the Sentencing Guidelines. Villa-Fabela pled guilty to one count of Unlawful Re-entry of a Deported Alien pursuant to Title 8 U.S.C. Sec. 1326(a). The district court calculated Villa-Fabela's criminal history category at IV, and refused Villa-Fabela's request for a downward departure.
 
 
 3
 Villa-Fabela contends that the district court erred by refusing to depart downward. Because we have no authority to review a district court's discretionary refusal to depart downward under the Sentencing Guidelines, we dismiss this appeal for lack of jurisdiction.
 
 I.
 
 4
 Oscar Villa-Fabela pled guilty to one count of Unlawful Re-entry of a Deported Alien pursuant to Title 8 U.S.C. Sec. 1326(a). In the presentence report, the probation officer calculated Villa-Fabela's criminal history category at IV. At the sentencing hearing, Villa-Fabela argued that the criminal history category of IV over-represented his criminal activity. Villa-Fabela claimed that his unlawful re-entry into the country should not have placed him in the same category as a violent criminal. The district court denied Villa-Fabela's request to depart downward to a criminal history category of III, and sentenced Villa-Fabela to 15 months imprisonment.
 
 II.
 
 5
 Villa-Fabela contends that the district court erred in refusing to depart downward under the Sentencing Guidelines. A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). We have jurisdiction to review a refusal to depart downward, however, where the record indicates that the district court refused to depart downward because it believed the law barred such a departure. United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir.1993).
 
 
 6
 Villa-Fabela contends that Judge Holland refused to depart downward because he believed he had no authority to grant such a departure. In refusing Villa-Fabela's request for a downward departure, Judge Holland stated:
 
 
 7
 [I] dealt with a case remarkably similar to this yesterday. The final guideline outcome of that case was--was a criminal history category four. I must say that I think I would do violence to one of the principle purposes of guideline sentencing if I were to depart below a criminal history category four in this case, and--and declined to do it in the other, which I did.
 
 
 8
 The cases are very similar, except that Mr. Villa's situation is moderately more serious in that this is, I believe, his fourth illegal re-entry into the United States. Two resulted in felony charges.... [T]he point is that Mr. Villa is back here for the fourth time, and every time he enters the United States he gets into trouble. And, I'm convinced that he gets into trouble because he's a drug addict.
 
 
 9
 I cannot in good conscience, find any basis for a departure here. Mr. Villa's criminal history is--is more serious than that of Mr. Diaz who I sentenced yesterday.... I cannot grant a 4A1.3 departure in this case.
 
 
 10
 (emphasis added).
 
 
 11
 The record does not support Villa-Fabela's contention that Judge Holland believed he was precluded from departing downward because of his ruling in the earlier case. Judge Holland noted that this was Villa-Fabela's fourth illegal re-entry into the United States. The portion of the record quoted above shows that Judge Holland knew he had the discretion to depart downward, but refused to do so because he believed Villa-Fabela's continuous illegal activity was too serious to warrant such a departure. Because a discretionary refusal to depart downward is not reviewable on appeal, this appeal is
 
 
 12
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3