19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lee BOY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Lee BOY, Defendant-Appellee.
 Nos. 93-30100, 93-30133.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 31, 1994.*
Decided Feb. 25, 1994.
 
 1
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant James Lee Boy appeals his jury convictions for abusive sexual contact, in violation of 18 U.S.C. Secs. 1153 & 2244, and aggravated sexual abuse and attempted aggravated sexual abuse, in violation of 18 U.S.C. Secs. 1153 & 2241(c). The United States cross-appeals the district court's downward departure from the Sentencing Guidelines. We affirm appellant's convictions and sentence.
 
 
 4
 * Appellant's central argument is that the district court erred in admitting expert medical testimony under the medical treatment exception to the hearsay rule. Fed.R.Evid. 803(4). We review a district court's decision to admit evidence over a hearsay objection for abuse of discretion. United States v. Kirk, 844 F.2d 660, 663 (9th Cir.1988).
 
 
 5
 Specifically, appellant offers two grounds for his appeal. First, appellant argues that the purported "treatment" of the three young boys who were abused "was commenced solely for the purposes of providing corroboration and vouching for the credibility of the victims" in anticipation of the trial, and that statements made by the boys identifying appellant as the abuser were not made for the purposes of diagnosis and treatment. Appellant's Br. at 7-8. Appellant points to the substantial delay between discovery of the abuse and the beginning of treatment and to the fact that the treatment occurred shortly before the filing of the original indictment as support for his argument. In addition, he contends that the fact that the victims identified their abuser further undermines the reliability of the statements.
 
 
 6
 Second, appellant challenges the motives behind Dr. Madden's treatment. He points to evidence that Dr. Madden began her treatment with the assumption that the boys had been molested, that her specialty was treating sexual abuse victims, and that she has repeatedly testified on behalf of the government in the past as proof that she was a biased witness whose sole motive was to impermissibly corroborate testimony presented by the boys at trial.
 
 
 7
 We find appellant's arguments unpersuasive, and hold that the district court did not abuse its discretion in admitting Dr. Madden's testimony under Rule 803(4). This circuit has found that statements by a victim identifying a sexual abuser are admissible when they are made for the purposes of, and are reasonably pertinent to, medical diagnosis and treatment. Guam v. Ignacio, 10 F.3d 608, 612 (9th Cir.1993); United States v. George, 960 F.2d 97, 99 (9th Cir.1992). There is no merit to appellant's argument that the three boys' statements to Dr. Madden were made or elicited for any other purpose but to assist in diagnosis and treatment. Dr. Madden testified that the only purpose of her involvement was to provide treatment, and her treatment regimen involved numerous therapy sessions with the boys and their parents. Dr. Madden was under contract with the Indian Health Service to provide sexual abuse therapy to the residents of the Blackfeet Indian Reservation. She was referred to the boys' case by her supervisor, not by law enforcement officials, because the boys' family wanted to begin therapy to treat the psychological effects of the abuse. Furthermore, the statements identifying the abuser were relevant to diagnosis and treatment of the boys' psychological trauma. See George, 960 F.2d at 99.
 
 II
 
 8
 Appellant next asserts that the district court erred in denying his motion to suppress certain statements made after a polygraph examination. Appellant argued in his motion, and argues on appeal, that his statements were coerced and involuntary. We review the district court's finding concerning voluntariness under the clearly erroneous standard. United States v. Doe, 819 F.2d 206, 208-09 (9th Cir.1985). In deciding whether a confession is voluntary, we look at the totality of the circumstances to determine whether law enforcement officers have coerced the defendant. Haynes v. Washington, 373 U.S. 503, 513-14 (1963).
 
 
 9
 Looking at the circumstances surrounding appellant's questioning after the polygraph test, we hold that the district court did not clearly err in denying appellant's motion to suppress. Other than the fact that appellant was confronted with the results of his test which indicated that he was lying and the fact that the officers' questioning was admittedly "confrontational," there is little evidence indicating physical or psychological coercion. Defendant was advised orally and in writing of his Miranda rights prior to taking the test and was advised that he was not in custody and was free to leave at any time. Moreover, the officers present did not display their weapons and the test and questioning took place in the city hall (not the police station), behind unlocked doors, over a relatively short period of time.
 
 III
 
 10
 Appellant's final argument is that the district court erred in denying his motion to dismiss his indictment on the basis of pre-indictment delay. Due process requires dismissal if the defendant can prove actual, nonspeculative prejudice from the delay and that the delay was a deliberate act by the government in seeking a tactical advantage. United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992); United States v. Sherlock, 962 F.2d 1349, 1353-54 (9th Cir.1989). The task of establishing the requisite prejudice is "so heavy" that there appear to be only two published cases since 1975 in which any circuit has upheld a due process claim. Huntley, 976 F.2d at 1290.
 
 
 11
 We hold that the district court did not abuse its discretion in denying appellant's motion to dismiss. Id. Appellant makes general allegations that the three-year delay between the initial complaint and the filing of the indictment made it impossible for witnesses, including appellant himself, to testify with any degree of certainty about the alleged misconduct. However, appellant cannot identify any witnesses whom he was unable to call or any anticipated defense evidence that he could not bring as a result of the delay. Because appellant has failed to show any actual, nonspeculative prejudice, we need not analyze the reasons for the delay.
 
 IV
 
 12
 In its cross-appeal, the government challenges the district court's decision to depart downward from a guidelines range of 168-210 months to a sentence of 120 months. The court based its departure on appellant's degenerative hip and knee condition and his affliction with nonactive tuberculosis and Hyperactive Adjustment Disorder. These conditions were laid out in the Presentence Report, which the district court adopted, and were discussed in testimony at trial.
 
 
 13
 The government does not dispute that the court may, under certain circumstances, use a defendant's medical condition as a ground for departure. U.S.S.G. Sec. 5H1.4. However, it argues that the court's factual finding that appellant's condition constituted an "extraordinary physical impairment" warranting a departure under Sec. 5H1.4 was clearly erroneous. See United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir.1993). In particular, the government points to the absence of any evidence indicating that the Bureau of Prisons system could not accommodate the defendant. In fact, the Presentence Report specifically indicated that appellant's medical problems could be addressed in prison.
 
 
 14
 As the government concedes, while the ability of the Bureau of Prisons to accommodate a disability is an important factor for consideration, it is not the only factor: "[a] district court may consider any number of circumstances in making its finding on the question of extraordinary physical impairment under section 5H1.4." Id. In light of the evidence of appellant's hip and knee condition, which will likely get progressively worse with time, and his other medical problems, we cannot say that the district court's finding that a downward departure was warranted was clearly erroneous.
 
 
 15
 The convictions and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3