26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Royston L. EDWARDS, Defendant-Appellant.
 No. 93-35693.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1994.*
Decided June 9, 1994.
 
 Before: WRIGHT, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We previously rejected Royston L. Edwards' argument that he was improperly held accountable under U.S.S.G. Sec. 1B1.3 for coconspirator Douglas' possession of a kilogram of cocaine. United States v. Edwards, Mem.Op. No. 90-30312 (9th Cir. Oct. 24, 1991) (affirming on direct appeal, cocaine possession within scope and kilo foreseeable). He now argues in a Sec. 2255 habeas petition that Judge Kleinfeld failed to decide if the kilo quantity was within the scope of the conspiracy when he sentenced him.
 
 
 3
 Judge Singleton disagreed and dismissed Edwards' petition. We review de novo the denial of a Sec. 2255 petition. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 4
 Edwards argues that a clarifying amendment in the 1992 version of Guideline Sec. 1B1.3 more clearly directs sentencing courts to determine the scope of a conspiracy.[1] Under the 1992 amendment, "conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken" is relevant to scope. U.S.S.G. Sec. 1B1.3, comment. (n. 2) (1992).
 
 
 5
 Although Edwards seems unaware of it, this issue was decided on direct appeal. We held that Douglas' possession of the kilo was " 'conduct of others in furtherance of the execution of the jointly-undertaken criminal activity.' " Edwards Mem.Op. at 7 (quoting U.S.S.G. Sec. 1B1.3., comment. (n. 1) (1989)). And Judge Kleinfeld had ruled that the kilo was a foreseeable quantity within the context of the Edwards-Douglas conspiracy. See Sentencing Transcript at 58-59 ("considering the quantities [Edwards] was dealing, it was foreseeable that from time to time, a kilo would be brought in" by Douglas).
 
 
 6
 Issues raised and considered on direct appeal are not subject to collateral attack under Sec. 2255. United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (defendant's claim rejected as basis for Sec. 2255 petition because issue had been raised on direct appeal (citing Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert. denied, 96 S.Ct. 74 (1975)).[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 He argues that the amendment applies retroactively because it is merely a clarification and not a substantive change in the law. Clarifying amendments to the Guidelines may be applied retroactively. United States v. Martinez-Guerrero, 987 F.2d 618, 620 n. 2 (9th Cir.1993). And we give due weight to the Sentencing Commission's opinion, U.S.S.G. App. C at 264 (1992), that its amendment to Sec. 1B1.3 was a clarification. See Isabel v. United States, 980 F.2d 60, 62 (1st Cir.1992)
 
 
 [2]
 We need not reach Edwards' argument that holding him accountable for the kilo violated his due process rights. He has raised it for the first time on this appeal, Singleton v. Wulff, 428 U.S. 106, 120 (1975) (issue not presented to district court generally not reviewable on appeal), and no exception applies, United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984)