47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl Gene ROSE (93-5164), Kevin Joe Rose (93-5165), Robert
Joe Rose (93-5166), Defendants-Appellants.
 Nos. 93-5164, 93-5165, 93-5166.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1995.
 
 Before: GUY and BATCHELDER, Circuit Judges; and McCALLA, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellants Earl Gene Rose, Kevin Joe Rose, and Robert Joe Rose appeal sentences imposed following their guilty pleas for conspiracy to cultivate marijuana and for carrying a firearm during the commission of a drug offense. For the following reasons, we affirm the sentences imposed by the district court.
 
 I.
 
 2
 In July of 1992, after performing aerial surveillance and ground reconnaissance forays, law enforcement officers arrested the three defendants in the act of cultivating marijuana plants in rural Jackson County, Kentucky. Each defendant was carrying a fully loaded 9 mm semi-automatic pistol and an extra magazine of ammunition. On October 21, 1992, each defendant entered guilty pleas for conspiracy to cultivate marijuana and for carrying a firearm during the commission of a drug offense. On January 25, 1993, the district court sentenced Robert Joe Rose to 147 months in prison and sentenced Earl Gene Rose and Kevin Joe Rose to 130 months in prison. Each defendant has obtained separate counsel and appeals his sentence.
 
 II.
 
 3
 Robert Joe Rose alleges that the prison sentence for marijuana trafficking under the United States Sentencing Guidelines is "woefully disproportionate" to marijuana's harm to society. He asserts that the Guideline sentence for marijuana trafficking is similar to trafficking sentences for harder drugs such as heroin, cocaine, LSD, PCP, and amphetamine, and, therefore, the Eighth Amendment prohibits his sentence as cruel and unusual punishment.
 
 
 4
 This court has squarely addressed this issue in United States v. Burton, 894 F.2d 188 (6th Cir.), cert. denied, 498 U.S. 857 (1990). That court, in dismissing the defendant's argument that his penalty for marijuana possession violated constitutional protections, concluded that because "marijuana is presently classified as a Schedule I substance and the penalties for possession of such drugs have been rationally and thoughtfully established by Congress.... this argument ... should be made to the legislature, not to the courts." Id. at 192.
 
 III.
 
 5
 Earl Gene Rose and Kevin Joe Rose allege that they were provided ineffective assistance of counsel. Earl Gene Rose contends that his attorney failed to raise his physical disabilities and his domestic circumstances as a basis for a downward departure from the sentence. Kevin Joe Rose argues that his attorney failed to raise his allegedly minimal role in the offense as a basis for a downward departure from the sentence or for a downward adjustment in the offense level.
 
 
 6
 Under Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established that, for a court to reverse a conviction based on ineffective assistance of counsel, a defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability existed that, but for the counsel's faulty performance, the outcome would have been different. Id. at 687-88, 694.
 
 III-A
 
 7
 According to Earl Gene Rose, his trial counsel failed to raise at the sentencing hearing Earl Gene Rose's problems of nerves as a child, his speech impediment, his wife's heart murmur (caused by rheumatic fever), and his wife's inability to support herself. Earl Gene Rose contends that these facts could have qualified him for a downward departure from the Guidelines. He suggests that, based on sympathetic statements made by the district court judge, the judge would have issued a lesser sentence had he only been aware of this evidence.
 
 
 8
 As a threshold issue, a defendant initially must raise the ineffective assistance of counsel claim at the trial court level or in a habeas corpus proceeding (28 U.S.C. Sec. 2255) rather than at the appellate level. United States v. Hill, 688 F.2d 18, 21-22 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). However, when the record is adequate to assess the merits of the claim, the appellate court may make an exception to this rule, and consider the claim. United States v. Straughter, 950 F.2d 1223, 1234 (6th Cir. 1991), cert. denied, 112 S. Ct. 1505 (1992). Although Earl Gene Rose did not present his claim to the district court, the parties agree that the record is sufficient to allow appellate court review of Earl Gene Rose's claim.
 
 
 9
 Under the first part of the Strickland test, counsel's performance must fall below an objective standard of reasonableness. The counsel's failure to request a downward departure on the basis of Earl Gene Rose's physical disabilities and domestic circumstances does not constitute unreasonable behavior because the Guidelines do not support a departure under those conditions.
 
 
 10
 The Guidelines allow the court to downwardly depart from the applicable range if the court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. Sec. 3553(b) (West Supp. 1994). Earl Gene Rose asserts that his problem with nerves as a child and his speech impediment warrant a downward departure and cites to a United States Sentencing Commission policy statement regarding downward departures for physical conditions:
 
 
 11
 Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range ....
 
 
 12
 U.S.S.G. Sec.5H1.4, p.s. Common sense dictates, however, that a person suffering from a childhood problem of nerves and a speech impediment does not have "extraordinary physical impairments." The defendant offers no persuasive evidence to support his assertion (the defendant cites to United States v. Tucker, 793 F. Supp. 894 (E.D. Ark. 1992), which was reversed by United States v. Tucker, 986 F.2d 278 (8th Cir.), cert. denied, 114 S. Ct. 76 (1993)). Courts have denied downward departures to defendants who suffered far worse impairments, including a defendant who was legally blind (United States v. Martinez-Guerrero, 987 F.2d 618 (9th Cir. 1993)) and a defendant who had cancer, high blood pressure, and an amputated leg (United States v. Guajardo, 950 F.2d 203 (5th Cir. 1991), cert. denied, 112 S. Ct. 1773 (1992)). Furthermore, Earl Gene Rose's medical problems have not kept him from being gainfully employed in the family business for over ten years.
 
 
 13
 Earl Gene Rose's argument for a downward departure due to his wife's ailment is even more tenuous. For family responsibilities, the Commission's policy statement is stricter than for physical conditions:
 
 
 14
 Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.
 
 
 15
 U.S.S.G. Sec.5H1.6, p.s. No basis exists for deeming Earl Gene Rose's family responsibilities relevant. Earl Gene Rose is not the sole provider for small children. See United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992). Furthermore, Earl Gene Rose's children are grown, gainfully employed, live close to his wife, and could offer her assistance.
 
 
 16
 Earl Gene Rose also fails to satisfy the second prong of the Strickland test. Earl Gene Rose's evidence of the probability of a different outcome consists of a statement made by the district court judge at the sentencing hearing:
 
 
 17
 I tend to agree with you on your feelings as to the Sentencing Guidelines, and I likewise empathize with the statements regarding the consecutive nature and the mandatory nature of the second offense. But nonetheless, I'm bound by my oath and the Laws of the United States to impose a sentence that I think is appropriate.
 
 
 18
 At the time these words were spoken, the district court did know about Earl Gene Rose's physical and domestic problems because they were listed in the presentence report. Furthermore, counsel mentioned Earl Gene Rose's speech impediment and his wife's physical problems at the sentencing hearing. Thus, when the district court judge stated that he felt compelled to impose a sentence he thought was "appropriate," he had considered Earl Gene Rose's problems and handed down an "appropriate" sentence. Under Strickland, Earl Gene Rose did not suffer ineffective assistance of counsel.
 
 III-B
 
 19
 Kevin Joe Rose alleges that his counsel's failure to challenge the presentence report which denied a downward adjustment, his failure to present Kevin Joe Rose's mitigating role as an allegedly minimal participant in the offense, and his failure to make any objections at the sentencing hearing constitute a performance below the Strickland objective standard of reasonableness. Kevin Joe Rose did not raise his ineffective assistance of counsel claim at the district court. Unlike Earl Gene Rose's claim, the record is not sufficient to permit a decision on Kevin Joe Rose's claim at the appellate level. Therefore, we affirm the judgment of the district court without prejudice to Kevin Joe Rose's right to raise his ineffective assistance of counsel claim in a 28 U.S.C. Sec. 2255 post-conviction proceeding.
 
 IV.
 
 20
 The sentences issued by the district court are AFFIRMED.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation