56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elio Isaac GARCIA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elio Isaac GARCIA, Defendant-Appellant.
 Nos. 94-50425, 94-50427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided May 31, 1995.
 
 1
 Before BEEZER and TROTT, Circuit Judges, and SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Elio Isaac Garcia appeals his conviction and sentence on one count of conspiracy to possess marijuana with intent to distribute, one count of possession of marijuana with intent to distribute, one count of aiding and abetting possession of marijuana with intent to distribute, and one count of bail jumping.
 
 
 4
 The issues on appeal are whether Garcia was denied effective assistance of counsel in violation of the Sixth Amendment; whether the district court erred by refusing to depart downward under U.S.S.G. Sec. 5H1.4 based on Garcia's physical condition; whether the district court erred by refusing to grant a two-level reduction, pursuant to U.S.S.G. Sec. 3E1.1, for acceptance of responsibility; and whether the district court erred by refusing to grant a four-level reduction, pursuant to U.S.S.G. Sec. 3B1.2(a), on the grounds that the defendant played only a minimal role. For the following reasons, we affirm.
 
 DISCUSSION
 A. Effective Assistance of Counsel
 1. Standard of Review
 
 5
 Whether an attorney has rendered effective assistance of counsel is a mixed question of law and fact, and is reviewed de novo. Fitzpatrick v. McCormick, 869 F.2d 1247, 1251 (9th Cir.), cert. denied, 493 U.S. 872 (1989).
 
 2. Discussion
 
 6
 The presentence report contained the following statement attributed to Garcia's mother:
 
 
 7
 The defendant's mother, Aurora Garcia, was contacted and she noted that her son is innocent of the instant case .... She stated that her son was advised, she believed by his defense counsel, to retreat to Mexico and not to return to the United States, in order to avoid an unjust sentence.
 
 
 8
 (PSR 6). In his objections to the presentence report, Garcia's attorney requested the statement be expunged because it "lacks merit." Garcia contends that this statement in the presentence report, and counsel's response to it, placed counsel in a conflict of interest and deprived Garcia of the effective assistance of counsel.
 
 
 9
 We decline to rule on Garcia's assistance of counsel claim. Because the resolution of ineffective assistance of counsel claims ordinarily requires the development of facts outside of the original record, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. Sec. 2255." United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). We accordingly conclude that collateral review provides the appropriate forum for Garcia's ineffective assistance of counsel claim.
 
 B. Physical Condition
 1. Standard
 
 10
 Whether a disability is an "extraordinary physical impairment" that qualifies a defendant for a downward departure under U.S.S.G. Sec. 5H1.4 is a factual finding which is reviewed for clear error. United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir. 1993). This court will not reverse unless it is left with the "definite and firm conviction that a mistake has been committed." Id. (internal quotation omitted)
 
 2. Discussion
 
 11
 Garcia contends that the district court misunderstood its discretion to depart downward under U.S.S.G. Sec. 5H1.4. Initially, the court stated that without a motion from the government it could not depart. However, in the context of that statement, the court appears to have misunderstood counsel to be addressing a departure under U.S.S.G. Sec. 5K1.1. When the prosecutor subsequently stated that Garcia's alleged physical impairment was not an "extraordinary physical impairment that 5H1.4 addresses. So, therefore, we don't believe he would be entitled to a departure under 5H1.4," the court responded, "I agree."
 
 
 12
 The foregoing colloquy satisfies us that the district judge properly understood his discretion to depart but simply did not believe the defendant exhibited an extraordinary physical impairment under Sec. 5H1.4. The district court's failure to depart was based upon its decision that Garcia's alleged physical impairment was not of the type U.S.S.G. Sec. 5H1.4 encompassed. The trial court is not required to specifically state that it is exercising its discretion not to depart. United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (9th Cir. 1991).
 
 
 13
 We conclude that the district court properly exercised its discretion.
 
 C. Acceptance of Responsibility
 1. Standard
 
 14
 Garcia contends the district court erroneously withheld a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a). "We review this essentially factual determination for clear error." United States v. Martinez-Gonzales, 962 F.2d 874, 878 (9th Cir.), as amended. "Because the sentencing judge is 'in a unique position to evaluate a defendant's acceptance of responsibility,' her determination is entitled to 'great deference."' Id. (quoting U.S.S.G. Sec. 3E1.1, cmt. n.5). Such a determination will not be disturbed unless it is "without foundation." United States v. Smith, 905 F.2d 1296, 1301 (9th Cir. 1990) (emphasis in original), main holding superseded by statute as noted in United States v. Burnett, 16 F.3d 358, 360 n.1 (9th Cir. 1994).
 
 2. Discussion
 
 15
 Section 3E1.1(a) provides that a defendant may receive a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense...." The defendant must show sincere contrition for the offense. See, e.g. United States v. Morales, 11 F.3d 915, 918 (9th Cir. 1993). It is undisputed that Garcia admitted the essential facts necessary for his conviction on the offenses. However, in his interview with the probation officer, Garcia minimized his involvement by stating that he merely loaned the truck and that he jumped bail because he was "not guilty." Thus, he did not admit responsibility for "all facets of the crime" for which he was convicted. See United States v. Oliveras, 905 F.2d 623, 629 (2d Cir. 1990).
 
 
 16
 For these reasons, we conclude that the district court's decision to withhold a two-level reduction for acceptance of responsibility was not without foundation.
 
 D. Minimal Role
 1. Standard
 
 17
 The district court's determination of whether a defendant is a "minor participant" under U.S.S.G. Sec. 3B1.2(b) or a "minimal participant" under Sec. 3B1.2(a) is one of fact and is reviewed for clear error. United States v. Howard, 894 F.2d 1085, 1087-88 (9th Cir. 1990).
 
 2. Discussion
 
 18
 Garcia argues that the district court erred in adopting the findings in the presentence report that he was a minor participant. He contends that he should have been granted a four-level reduction under subsection (a) as a minimal participant instead of the two-level reduction under subsection (b) for minor participation.
 
 
 19
 Garcia's culpability was substantially commensurate with that of the others in the enterprise, though he claims to have only supplied the "load vehicle." (AOB 21). Garcia purchased the truck, and repaired and insured it just prior to the date the drugs were seized. Garcia also attempted to alter sales documents after the enterprise was discovered, and drug ledgers seized by investigators contained his name. The district court's decision was not clear error.
 
 
 20
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3