60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Mary GARCIA, Defendant-Appellant.
 No. 94-30389.
 United States Court of Appeals, Ninth Circuit.
 June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Mary Garcia appeals the sentence of 120 months imposed following his plea of guilty to drug offenses. Garcia argues that the district court did not make a proper determination whether his heart condition justified a downward departure under Guideline section 5H1.4. We are without jurisdiction to consider this claim, and we dismiss.
 
 
 3
 We lack jurisdiction to review a district court's discretionary refusal to depart below the sentencing range indicated by the federal guidelines. United States v. Morales, 898 F.2d 99 (9th Cir. 1990). The Guidelines provide that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." U.S.S.G. Sec. 5H1.4. The district court need not state affirmatively that it knows it has power to depart. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir. 1991) (per curiam).
 
 
 4
 Garcia argues that the district court did not take the analytical steps necessary to determine whether his serious heart condition was "an extraordinary physical impairment" within the meaning of section 5H1.4. To support this argument, he cites United States v. Martinez-Guerrero, 987 F.2d 618 (9th Cir. 1993), in which we reviewed a district court's conclusion that it lacked authority to depart because the defendant's impairment was not extraordinary. We need not examine the district court's reasoning here because there is nothing in the record to suggest that the district court believed it was without discretion to depart.[1] See Morales, 898 F.2d at 102.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Garcia's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Garcia asserts that the district court's statement, "Count II is a mandatory consecutive sentence," shows that it did not recognize its authority to depart. We reject this assertion because in the discussion that preceded the statement, the district court explained the factors it considered before deciding not to depart