106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Curtis MOORE, Defendant-Appellant.
 No. 96-30088.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1997.*
Decided Jan. 17, 1997.
 
 Before: ALDISERT**, PREGERSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant William Curtis Moore appeals pursuant to 18 U.S.C. § 3742(a)(1) and (2) his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Moore raises two issues on appeal: (1) whether the court violated Rule 32(c) of the Federal Rules of Criminal Procedure and § 5H1.4 of the United States Sentencing Guidelines by sentencing him to imprisonment in the Bureau of Prisons rather than home detention given his extraordinary physical impairment; and (2) whether the court erred by refusing to grant a downward departure for his pre-arrest drug rehabilitation. We affirm.
 
 I.
 
 3
 Pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and (e), this court has jurisdiction over the first issue raised. In sentencing appeals under § 3742, we must give due regard to the district court's opportunity to judge the witnesses' credibility. We accept the district court's findings of fact unless they are clearly erroneous and we must give due deference to the court's application of the Sentencing Guidelines to the facts. 18 U.S.C. § 3742(e).
 
 
 4
 Moore contends the district court erred, under Rule 32(c)(1) and U.S.S.G. § 5H1.4, by failing to permit defense counsel to comment on the court's implied finding that the Bureau of Prisons could adequately care for him. He also argues that the court erred by failing to issue findings of fact regarding the cost-effectiveness of an alternative sentence--home detention. Rule 32(c)(1) provides in relevant part:
 
 
 5
 [T]he court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account....
 
 
 6
 During Moore's sentencing hearing, the district court afforded ample opportunity for comment on the presentence report and related matters. As indicated in Appellant's brief, the sentencing court heard testimony from Moore's treating physician, his parole officer, and a counselor in the Volunteers of America drug-treatment program. Appellant's Br. at 6, 15-16. The court also provided Moore and his counsel opportunity to comment on the presentence report and related matters. ER 34-37. After announcing its sentence of incarceration to the Bureau of Prisons, the sentencing court afforded an additional opportunity for comment on the court's order. ER 40.
 
 
 7
 Neither Moore, his counsel, nor any of the individuals testifying on his behalf raised the issue of whether the Bureau of Prisons could adequately care for Defendant given his physical limitations. This issue was not raised as an objection to the Presentence Report and was not controverted at the sentencing hearing, even after the court announced its sentence. The court afforded ample opportunity for comment consistent with Rule 32 and Moore offers no authority for his suggestion that findings of fact are required for non-controverted issues at sentencing. Thus, Appellant's argument under Rule 32(c) is without merit.
 
 
 8
 Also lacking merit is Appellant's contention that the court is required to issue express findings of fact concerning the Bureau of Prisons' ability to care for inmates with disabilities sentenced under U.S.S.G. §§ 5H1.1 or 5H1.4.[1] The Sentencing Guidelines and case law suggest that the Bureau's ability to care for inmates with extraordinary impairments is a factor courts may consider in sentencing decisions. See e.g., United States v. Martinez-Guerrero, 987 F.2d 618, 620-21 (9th Cir.1993).
 
 Under the Sentencing Guidelines:
 
 9
 [A]n extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.
 
 
 10
 U.S.S.G. § 5H1.4 (emphasis added). The court may consider any number of circumstances when determining whether an extraordinary impairment exists under § 5H1.4. Martinez-Guerrero, 987 F.2d at 620-21. The ability of the Bureau of Prisons to accommodate a person with a disability is a factor the court may consider in sentencing; however, it is not the only factor. Id.
 
 
 11
 When applying § 5H1.4, district courts must first make a factual finding concerning whether a defendant's disabilities constitute an extraordinary physical impairment. If such an impairment is found to exist, the court "then exercises its discretion concerning whether downward departure is warranted, either through a shorter term of imprisonment or an alternative to confinement." Id. at 621 (Ferguson, J., concurring). The defendant has the burden of proving a downward departure or alternative sentence is warranted. Id. at 622 (citing United States v. Anders, 956 F.2d 907, 911 (9th Cir.1992), cert. denied, 507 U.S. 989 (1993)).
 
 
 12
 The sentencing court in the case at bar found that Moore's age and infirmity constituted sufficient impairment to justify a downward departure and exercised its discretion to grant such a departure. ER 50. The court found that incarceration in this case was necessary for protecting the public, deterring Moore and others from similar activity, and just punishment. ER at 50. Moore's offense involved drug trafficking and firearms possession. His Presentence Report made multiple references to prior offenses also involving illegal narcotics and deadly weapons. The court at the sentencing hearing found that, "based on [Moore's] record as well as the offenses, [it could] not in good conscience impose [home detention as] a sentence." ER 39. The court further noted that it was "aware of certain facilities that are better suited to handle certain medical conditions." ER 40. The court gave Moore's attorney two weeks to recommend an appropriate facility for her client. ER 40.
 
 
 13
 The record makes clear that the court applied the proper § 5H1.4 analysis, considered the efficiency and cost of a full term of incarceration compared to a shorter or alternative sentence in achieving deterrence, incapacitation, just punishment and rehabilitation, and considered at least indirectly the Bureau's ability to handle Moore's medical conditions. See e.g., Martinez-Guerrero, 987 F.2d at 621-22. The court then appropriately exercised its discretion to grant Moore a downward departure instead of home detention. Moore has not established a violation of Rule 32(c), or clear error in the court's factual determinations or application of the Guidelines to the facts of this case. Therefore, we affirm the district court's sentence.
 
 II.
 
 14
 This court lacks jurisdiction to review a trial court's refusal to depart downward from the Sentencing Guideline range where the court in fact exercises its discretion. United States v. Zweber, 913 F.2d 705, 707-08 (9th Cir.1990); United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991) (refusal to depart downward not reviewable on appeal given court's failure to indicate that its refusal to depart was anything but discretionary even where district court expressed regret that Guidelines limit discretion).
 
 
 15
 Moore claims the sentencing court erred by failing to grant a downward departure based on his voluntary pre-arrest participation in drug rehabilitation. The court granted Moore a three-point offense-level reduction in his sentence for acceptance of responsibility. ER 49; Presentence Report at 3 p 13. The court also granted Moore's motion for a four-level downward departure based on illness and age. ER 49-50. At the sentencing hearing, the court expressly refused requests for an additional downward departure based on Moore's voluntary pre-arrest drug rehabilitation. The court stated: "I think you said it best that there are things you could have done sooner. It's just unfortunate that your reformation you've made did not occur prior to December of 1993." ER 39.
 
 
 16
 The district court unequivocally exercised its discretion in this case, refusing Moore's request for an additional downward departure and sentencing him to 63 months of incarceration. ER 39. Therefore, we lack jurisdiction to review the court's determination on this issue.
 
 
 17
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Moore's motion for a downward departure and the transcript of the sentencing hearing indicate U.S.S.G. § 5H1.4 (physical condition) was the primary ground for departure under consideration. The court's Findings of Fact Order refers to Moore's illness, age and infirmity as grounds for its downward departure, referencing U.S.S.G. § 5H1.1. The parties agree that for purposes of this case the analysis is the same whether the court relied on § 5H1.1, § 5H1.4, or both sections, to justify its downward departure. Appellant's Br. at 7; Government Br. at 6-7