**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anice E. WILLIAMS, Defendant—
Appellant.**

No. 03–30188.
D.C. No. CR–01–00126–AKA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 17, 2004.

Jo Ann Farrington, USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Allison E. Mendel, Mendel & Huntington, Anchorage, AK, Eugene B. Cyrus, Eagle River, AK, for Defendant–Appellant.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Anice Williams appeals her conviction and sentence for conspiracy and transferring counterfeit obligations in violation of 18 U.S.C. §§ 371 and 473. She claims that her trial counsel rendered ineffective assistance, and that certain sentencing findings were clearly erroneous. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I  Ineffective Assistance of Counsel

■ "Ordinarily, we will not consider an ineffective assistance of counsel claim on direct appeal, because of the need to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Andrews*, 75 F.3d 552, 557 (9th Cir.1996) (internal quotation marks and citation omitted); *see also United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). Exceptions to this rule have been carved out when (1) the record on appeal is sufficiently developed to permit review and determination of the issue, *United States v. Quintero–Barraza*, 78 F.3d 1344, 1347 (9th Cir.1995), or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *United States v. Rewald*, 889 F.2d 836, 859 (9th Cir.1989).

In this case, as appellant's counsel conceded at oral argument, there is nothing in the record to indicate the reasons why the challenged actions were taken. *See United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991) (holding that because "[f]ormer defense counsel has had no opportunity to explain his actions[,]" there was not a sufficient record by which to judge the ineffective assistance claim on direct appeal). The deficiency of the record makes it impossible for us to decide this claim on direct appeal.

## II  Sentencing

The sentencing judge's factual findings are reviewed for clear error. *United States v. Pirello*, 255 F.3d 728, 731 (9th Cir.2001), *cert. denied*, 534 U.S. 1034, 122 S.Ct. 577, 151 L.Ed.2d 448 (2001).

*Firearm "In Connection With" the Crime*

■ "If a dangerous weapon (including a firearm) was possessed in connection with the offense," a two level sentence enhancement is imposed. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2B5.1(b)(4) (2001).

Here, the sentencing judge found that "Ms. Williams and Mr. Williams did intend to protect their criminal enterprise.... [T]hese guns played a part in this criminal enterprise." That finding was supported by testimony of co-conspirators and the proximity of loaded weapons to the fruits and instruments of the charged conspiracy. The sentencing judge's finding was not clearly erroneous.

*Enhancement for Manager or Supervisor Role*

■ "If the defendant was a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive," a three level sentence enhancement is imposed. U.S.S.G. § 3B1.1(b). In order for the enhancement to apply, the sentencing judge must find that the defendant exercised some control over at least one of the other participants in the enterprise. *United States v. Hoac*, 990 F.2d 1099, 1110 (9th Cir.1993); U.S.S.G. § 3B1.1(b).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Here, the judge found that Williams recruited and trained her co-conspirators, the Shanigans. *See United States v. Hernandez,* 952 F.2d 1110, 1119 (9th Cir.1991) (holding that defendant was a manager because he recruited, hired, and instructed workers in a counterfeiting scheme). There was testimony that Williams recruited the Shanigans, that she went to the mall with them and instructed them as to the preferred method of passing the counterfeit bills, that she taught them to perform some of the steps in the counterfeit manufacturing procedure, and that she logged all the participants' proceeds and maintained an accounting of their ill-gotten gains. Given this testimony, it was not clear error for the sentencing judge to find that Williams was a manager or supervisor within the conspiracy.

*Perjury*

Williams claims that but for ineffective assistance, there would have been no perjury finding or enhancement for obstruction of justice. As such, her argument is not that the sentencing judge's finding was clearly erroneous, but rather a reiteration of her ineffective assistance claim which, as detailed above, is not cognizable on appeal.

*Downward Departure for Physical Impairment*

██ "[A]n extraordinary physical impairment may be a reason to depart downward." U.S.S.G. § 5H1.4. Whether a person has an extraordinary physical impairment is a factual finding subject to clear error review. *United States v. Martinez–Guerrero,* 987 F.2d 618, 620 (9th Cir.1993).

The sentencing judge determined that he "[was] not going to grant any downward departures.... The Court is satisfied that the Bureau of Prisons can adequately deal with Ms. Anice Williams." *See Martinez–Guerrero,* 987 F.2d at 620 ("The ability of the Bureau of Prisons to accommodate a disability is a factor which the district court may consider in making this factual finding."). The sentencing judge's finding, on this record, that Williams's health problems did not constitute an extraordinary physical impairment was not clearly erroneous.

**AFFIRMED**