UNITED STATES of America,
Plaintiff–Appellee,

v.

Rodney Roy MONROE, Defendant–
Appellant.

No. 03–30408.

D.C. No. CR–02–00061–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 19, 2004.*

Decided Aug. 9, 2004.

Kris A. McLean, Esq., USMI-Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., Missoula, MT, for Defendant–Appellant.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Rodney Roy Monroe appeals from his sentence following a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Monroe challenges the district court's failure to depart downward pursuant to U.S.S.G. § 5H1.4, which provides that although physical condition is not ordinarily a permitted basis for departure, "an extraordinary physical impairment may be a reason to depart downward." The district court first made the factual finding that Monroe's kidney disease did not constitute an extraordinary physical impairment. *See United States v. Martinez–Guerrero,* 987 F.2d 618, 620 (9th Cir.1993) (to analyze departure request under § 5H1.4, first

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

step is factual finding of extraordinary impairment). We review that factual finding for clear error. *See id.*

The court considered the testimony of Monroe and his mother, as well as his medical records. The evidence showed that although intermittent flare-ups of Monroe's disease made him gain weight and feel tired, he largely controlled it with medication. The district court did not clearly err in concluding that his illness was not extraordinary. Because it did not find an extraordinary physical impairment, the court did not have the discretion to depart downward. *Id.*

AFFIRMED.

OTTO R. SKOPIL, Senior Circuit Judge, dissenting.

SKOPIL, Senior Circuit Judge.

I dissent because I believe we lack jurisdiction to review Monroe's contention that the district court erred by not departing downward. We have long held that 18 U.S.C. § 3742(a) "precludes appellate review of a district court's discretionary refusal to depart downward from the guidelines." *See United States v. Morales,* 898 F.2d 99, 101 (9th Cir.1990); *see also United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004) ("It is settled law that 18 U.S.C. § 3742 strips us of jurisdiction to review a discretionary denial of a downward departure.").

There are clear indications in this case that the district court's decision not to depart downward was wholly discretionary. The district judge, after reviewing the parties' submissions, stated that "I am not going to exercise my discretion and make a downward departure based on 5H1.4." The court thereafter summarized the underlying facts regarding Monroe's claim of extraordinary physical impairment and again stated "I'm not going to exercise my discretion to make a downward departure."

Notwithstanding these statements, the majority reviews the district court's decision not to depart by examining the court's findings for clear error. The majority relies on *United States v. MartinezGuerrero,* 987 F.2d 618 (9th Cir.1993). In *Martinez–Guerrero,* however, we noted that "[t]he record plainly shows that the district court refused to depart downward because, according to its interpretation of section 5H1.1 and case law on which it relied, it had no discretion to depart downward." *Martinez–Guerrero,* 987 F.2d at 620. Thus, we reviewed the district court's decision because "[w]e have jurisdiction to review a district court's refusal to depart downward based on its interpretation of the law as barring such a departure." *Id.* (internal quotation omitted).

Our case is not one where the court believed that a fact or circumstance precluded it from exercising its discretion to depart. *See United States v. Roe,* 976 F.2d 1216, 1218 n. 1 (9th Cir.1992) (reviewing a factual finding that the district court believed prevented it from exercising its discretion). Rather, the court here indicated it had the discretion to depart downward; it simply concluded that Monroe's circumstances did not warrant departure. A district court's explanation for why a departure is unwarranted should not be interpreted as a statement that the court lacked legal authority to depart. *See United States v. Rearden,* 349 F.3d 608, 617 (9th Cir.2003). Rather, such statements "simply ma[k]e the case for why the departure was unwarranted ... and indicates a decision founded in discretion, not lack of authority." *Id.*

I would dismiss the appeal for lack of jurisdiction.