97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES, Plaintiff-Appellee,
v.
Kevin BORKOWSKI, Defendant-Appellant.
 Nos. 95-10480, 95-10481.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1996.
Decided Sept. 19, 1996.
As Amended on Denial of Rehearing Oct. 25, 1996.
 
 1
 Before: NOONAN, THOMPSON, Circuit Judges, HAGEN*, District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 On July 28, 1993, in the United States District Court for the Northern District of California, a jury found Kevin Borkowski guilty of four counts of mail fraud. On October 31, 1995, the court sentenced him to sixty months imprisonment and ordered payment of $44,311.69 in restitution to the victim's estate. Borkowski appeals his conviction for mail fraud on two grounds, and his sentence on three grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court in all respects.
 
 I. Mail Fraud Instruction
 
 4
 Borkowski argues that the court's instruction on the elements of mail fraud deprived him of the right to a unanimous jury verdict. The court's instruction regarding the elements of mail fraud stated, in relevant part,
 
 
 5
 In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
 
 
 6
 First, the defendant made up a scheme or plan for obtaining money or property by making false representations or statements, with all of you agreeing on at least one particular false representation or statement that was made.[1]
 
 
 7
 Second, the defendant knew that the representation or representations were false.
 
 
 8
 Third, the representations or statements were of a kind that would reasonably influence a person to part with money or property.
 
 
 9
 Fourth, the defendant acted with the intent to defraud; and
 
 
 10
 Fifth, the defendant used or caused to be used the mails to carry out or attempt to carry out the scheme.
 
 
 11
 Borkowski argues this instruction did not convey the requirement that the jury unanimously agree on (1) a false statement or misrepresentation (2) that was material. He suggests the jury could have unanimously agreed on at least one false or misleading statement while not unanimously agreeing on the materiality of that statement. In other words, one juror could have had an idea different from another as to which statement was material.
 
 
 12
 When reviewing an allegedly erroneous jury instruction this court considers the instructions as a whole and evaluates their adequacy in the context of the whole trial. United States v. Smith, 891 F.2d 703, 708 (9th Cir.1989), cert. denied, 498 U.S. 811 (1990). For a finding of plain error, there must be a high probability that the error materially affected the verdict. U.S. v. Bryan, 868 F.2d 1032 (9th Cir.1989). "Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, ... [invoked] only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 
 13
 There was no error. Admittedly, this instruction, which is a slightly modified version of Ninth Circuit Model Jury Instruction 8.26A, would leave less room for doubt if the second and third elements had expressly referred to "the representation(s) or statement(s) upon which you unanimously agree", rather than to "the representation(s) or statement(s)". However, the use of the definite article "the" in the instruction given by the court clearly refers to the antecedent phrase "at least one particular false representation that was made." We therefore find it unlikely that the jury misunderstood the instruction to allow a finding of materiality with respect to statements or representations upon which the jury had not unanimously agreed. Because the standard for reversal is "high probability that the error materially affected the verdict", this court will not reverse Borkowski's conviction.
 
 
 14
 II. Sufficiency of the Evidence on Count Three
 
 
 15
 Borkowski argues the court erred in denying his Rule 29(c) motion because the testimony of an equivocating witness was legally insufficient evidence for a conviction on Count Three.
 
 
 16
 This court reviews de novo a ruling on a Rule 29 motion for acquittal. United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994). The test is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 17
 Use of the mails to carry out the fraudulent scheme is a necessary element of each of the four mail fraud counts. The witness, Terry Leftrook, initially did express some uncertainty as to whether he received a fraudulent January 8, 1993, account statement, in the mail. However, at the close of Leftrook's testimony, the court questioned him to clarify whether each of four documents were received in the mail. Leftrook then testified that he received the January 8, 1993 statement in the mail. By that testimony, a rational jury had sufficient evidence to find the essential element had been proved beyond a reasonable doubt.
 
 III. Downward Departure: Conditional Release
 
 18
 Borkowski urges the court erred in not granting him a discretionary downward departure under 18 U.S.C. 3553(b) based on his eight months in the custody of the Canadian government and five months on conditional release in a halfway house.
 
 
 19
 No appealable issue is presented when a district judge fails to depart downward from the applicable sentencing guideline range without comment on its authority to do so. United States v. Garcia-Garcia, 927 F.2d 489 (9th Cir.1991). Therefore, this court declines to review the district court's decision not to grant the downward departure[2].
 
 IV. Downward Departure: AIDS
 
 20
 Borkowski argues the court erred in refusing to grant a downward departure under § 5H1.4 for an extraordinary physical impairment. Borkowski has been diagnosed with symptomatic HIV disease. Because, he argues, only treatments approved by the Food and Drug Administration are available through the Bureau of Prisons, incarceration will deny him experimental treatments which could prolong his life. He argues also that because he is intolerant to the drugs dispensed by the Bureau of Prisons, he will, in effect, receive no treatment.
 
 
 21
 Before the court may exercise its discretion to depart from the guideline range on the basis of extraordinary physical impairment, the court must first find the defendant has such an impairment. The court found Borkowski did not. This is an essentially factual mixed question of law and fact reviewable for clear error. See United States v. Martinez-Gonzales, 962 F.2d 874, 878 (9th Cir.1992).
 
 
 22
 For the reasons stated by the court at the sentencing hearing, the court's finding was not clearly erroneous. No evidence was presented that Borkowski's condition was especially debilitating, or that he was bedridden, nor was any evidence submitted on his life expectancy. The evidence that the Bureau of Prisons would not provide any treatment for Borkowski's condition was unpersuasive.
 
 
 23
 Although Borkowski argued he required treatment unavailable[3] through the Bureau of Prisons, the evidence presented on this point was sparse. It was not clear error for the court to find Borkowski did not have an extraordinary physical impairment. Because the court correctly determined Borkowski had not proved he had an extraordinary physical impairment, the court lacked discretion to grant a downward departure. United States v. Martinez-Guerrerro, 987 F.2d 618, 621 (9th Cir.1993). Thus, there was no error in refusing to grant a downward departure.
 
 
 24
 V. Restitution: Inability to Pay, Delegation to Probation
 
 
 25
 Borkowski contends the court abused its discretion in imposing restitution because the court failed to find he has the ability to pay, and because it delegated the payment schedule to the department of Probation. These arguments are without merit.
 
 
 26
 United States Sentencing Guideline § 5E1.1 provides that the court shall enter a restitution order if such an order is justified under 18 U.S.C. §§ 3663-3664. Eighteen U.S.C. 3663 authorizes the sentencing court to impose an order of restitution in addition to any penalty authorized by law. Eighteen U.S.C. 3664(a) requires that court to consider the financial resources, needs and earning ability of the defendant.
 
 
 27
 The guidelines do not, however, require the sentencing court to make express findings demonstrating its consideration of the factors set forth in the statute. See U.S.S.G. 5E1.1. As long as there is some evidence in the record that the defendant may be able to pay restitution in the future, the duty imposed on the court by § 3664 is satisfied. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). The present indigence of the defendant does not bar an order of restitution; if the defendant's future financial status is indeterminate, an order of restitution may be appropriate. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 28
 Here, the court found Borkowski owes $44,311.69 in restitution to the estate of Terry Leftrook, the victim of Borkowski's fraud. The court considered the defendant's potential ability to pay restitution in the future and found restitution appropriate.
 
 
 29
 At the October 31, 1995, sentencing hearing, the district court stated she had read and considered the two presentence reports and their respective addenda. The presentence reports show Borkowski graduated cum laude (top 10% of his class) from Dryden High School in Dryden, Michigan. He was a member of the National Honor Society and the Student Council. He attended Oakland University in Rochester, Michigan, although he did not graduate. The presentence reports also show Borkowski had been employed as a paralegal as recently as February 1994.
 
 
 30
 Based on these facts regarding Borkowski's education and employment history, the court was entitled to infer Borkowski had a reasonable likelihood of gainful employment upon his release from prison, and thus some future ability to pay restitution.
 
 
 31
 The court also considered the possibility Borkowski would participate in the Inmate Financial Responsibility Program (IFRP). ER 214. The IFRP requires inmates to make payments towards court-ordered obligations, including restitution. 28 C.F.R. 545.10, 545.11 (1995). If an inmate has a job while in prison, a portion of any earned wages is applied towards such obligations. Id. Borkowski's potential participation in IFRP is additional evidence of his future ability to pay restitution. The court did not abuse its discretion in imposing an order of restitution in the amount of $44,311.69.
 
 
 32
 Where the maximum amount of restitution is set by the court, the court may grant the probation office discretion to determine the manner and amount of restitution payments. United States v. Barany, 884 F.2d 1255, 1260 (9th Cir.1989), cert. denied, 493 U.S. 1034 (1990). Here, the court determined the total amount of restitution owed, and merely assigned the task of supervising the payment of restitution as a condition of release to the probation department. There was no abuse of discretion.
 
 
 33
 We have considered Borkowski's arguments in his pro se brief filed June 6, 1996, and reject them as meritless.
 
 
 34
 The district court's judgment of conviction and sentencing order are hereby AFFIRMED.
 
 
 
 *
 The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During deliberations, the jury asked the court for certain clarifications not relevant here. When the jury was called back in so that the court could respond to the jury's inquiry, the court reiterated the unanimity instruction, with a one word modification, so that the last part of the sentence read "statement that he made." (emphasis supplied). SER 87
 
 
 [2]
 Even if the court were to review the court's decision not to grant the downward departure, we would find no abuse of discretion. It is the policy of the Attorney general that time spent by a criminal defendant at a community custody center while released on bail does not qualify as "official detention" for sentence credit under 18 U.S.C. 3585(b). Reno v. Koray, 115 S.Ct. 2021 (1995). The existence of this policy is not a mitigating circumstance supporting a downward departure. United States v. Daggao, 28 F.3d 985, 987 (9th Cir.1994), cert. denied, 131 L.Ed.2d 242 (1995). As for the Canadian detention, Borkowski would never have been detained in Canada if he had not absconded from the United States after his conviction, an act which led to his conviction for failure to appear in violation of conditions of release imposed by the court. Furthermore, Borkowski violated terms of entry imposed by the Canadian government by overstaying his time limit. He assumed a false identity, and there was evidence he intended to commit further frauds in Canada. It was entirely within the court's discretion to deny a downward departure for these reasons
 
 
 [3]
 The court expresses no opinion as to whether an HIV-positive prisoner who is intolerant to FDA-approved drugs has a right to participate in experimental drug trials or other treatment unavailable through the Bureau of Prisons